IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 12-20099-01-KHV |
| ) | |
| MENDY READ-FORBES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On September 24, 2015, defendant filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #255). This matter is before the Court on defendant's Motion To Recuse The Honorable Judge Vratil (Doc. #257), defendant's Motion To Appoint Counsel And Bond Release For Defendant (Doc. #256) and defendant's Motion For Immediate Release (Doc. #258). For reasons stated below, the Court overrules defendant's motions.

**I.   Motion For Recusal**

Defendant asks the undersigned judge to recuse from deciding her Section 2255 motion because of "personal bias or prejudice." Motion To Recuse The Honorable Judge Vratil (Doc. #257) at 1. Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which their partiality might reasonably be questioned. Switzer v. Berry, 198 F.3d 1255, 1257 (10th Cir. 2000); see also Code of Conduct for United States Judges, Canon 3, § C(1) (judge shall disqualify herself in proceeding in which judge's impartiality might reasonably be questioned). The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). The statutory guidance

for recusal must also be read in light of a judge's "duty to sit" on cases filed with the Court. Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995). The statute is not intended to give litigants a veto power over sitting judges, or as a vehicle for obtaining a judge of their choice. United States v. Cooley, 1 F.3d 985, 992-93 (10th Cir. 1993). Consequently, a judge should not recuse on unsupported, irrational or highly tenuous speculation. Hinman, 831 F.2d at 939 (citation omitted).

Here, defendant asserts that the undersigned judge's comments at sentencing prove bias. Defendant has attached a two-page list of comments which purportedly reflect bias. Defendant primarily cites comments which reflect that the Court did not believe her. See Motion To Recuse The Honorable Judge Vratil (Doc. #257) at 3-4, citing comments at Transcript Of Sentencing (1-29-15) (Doc. #236) at 174 ("it seems to me that you are such a drama queen and such a manipulator and chronic liar"); Transcript Of Status Conference (2-12-15) (Doc. #237) at 42 ("I'm just saying your [client] crossed the line in lying with the Court and it's not a line that you can retreat from."); Transcript Of Status Conference (2-12-15) (Doc. #237) at 27 (referring to defendant's "lack of credibility with the Court"); Transcript Of Motion Hearing (4-22-15) (Doc. #230) at 15 ("she was in my view intentionally lying to the Court and obstructing justice"). In context, the Court was simply responding to various defense arguments that seemed to minimize defendant's culpability or suggest that a sentence at the low end of the guideline range was appropriate. The Court's comments also responded to defense arguments that she should receive a lesser sentence because of an alleged mental disorder. See Transcript Of Sentencing (4-23-15) (Doc. #220) at 12 ("she hasn't always been honest with the people doing the evaluations and she's been manipulative and malingering"); id. at 34 (reports indicate "the way you've tried to manipulate the doctors and malinger and not be honest about your needs and your motives"); Transcript Of Sentencing (1-29-

15) (Doc. #236) at 177 (in response to defense counsel argument for lower sentence based on personality disorder, Court noted reports that said defendant was lying, malingering and is trying to fake evidence of a defense).

A reasonable person with access to the relevant facts (including the context of the actual statements) would not question the impartiality of the undersigned judge.  Adverse rulings almost never provide a basis for recusal, nor do opinions formed or expressed by a judge based upon the record "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Liteky v. United States, 510 U.S. 540, 554-55 (1994).  The comments here were based upon the cases before the undersigned judge, not some extra-judicial source, and they do not reflect deep-seated favoritism or antagonism that would make fair judgment impossible.  See id. at 555-56 (expressions of impatience, dissatisfaction, annoyance and even anger do not support bias challenge unless they display deep-seated favoritism or antagonism); United States v. Wisecarver, 644 F.3d 764, 771-72 (8th Cir. 2011) (no reasonable observer would have perceived that judge could not continue to rule impartially in subsequent proceedings despite comment at sentencing that defendant's factual argument was "just a figment of his imagination" and finding for sentencing purposes that defendant committed assault despite jury's acquittal on that count); United States v. Ransom, No. 09-6342, 2011 WL 2600609, at *4-5 (6th Cir. June 30, 2011) (recusal not required based on prior finding in supervised release revocation proceeding that defendant was not credible); United States v. Stewart, 378 F. App'x 773, 776-77 (10th Cir. 2010) (recusal not required based on comment that defendant "cannot control himself in any context, let alone before a jury"); United States v. Pulido, 566 F.3d 52, 56, 62 (1st Cir. 2009) (recusal not required based on prior comment in sentencing memorandum in related case that defendant was "throughly corrupt police officer");

Edmond v. Athlete's Foot Group, 15 F. App'x 738, 740 (10th Cir. 2001) (recusal not required in civil matter simply because judge presided in previous criminal matter involving same party); Hinman, 831 F.2d at 939 (judge should not recuse on unsupported, irrational or highly tenuous speculation); In re Corrugated Container Antitrust Litig., 614 F.2d 958, 963–64, 966 (5th Cir. 1980) (recusal not required in civil case simply because judge made evidentiary rulings during criminal trial in which defendant was also involved); Smith v. United States, 360 F.2d 590, 592 (5th Cir. 1966) (trial judge familiar with defendant's background by reason of having tried him in previous cases not disqualified to try same defendant in subsequent cases); cf. Berger v. United States, 255 U.S. 22, 28 (1921) (finding extreme bias where district judge stated that it was difficult "not to be prejudiced against the German Americans" because "[t]heir hearts are reeking with disloyalty"). The Court therefore overrules defendant's motion under Section 455(a).[1]

## II.     Motion For Appointment Of Counsel

Defendant, who is an attorney by education, asks the Court to appoint counsel. See 18 U.S.C. § 3006A(a)(2)(B) (court may appoint counsel for indigent person seeking relief under Section 2255 if interests of justice so require). Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a Section 2255 motion unless the Court determines that an evidentiary hearing is required. Rule 8(c) of the Rules Governing Section 2255 Proceedings; see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Evans, 51 F.3d 287, 1995 WL 139420, at *1 (10th Cir. 1995); Swazo v. Wy. Dep't of Corr. State Penitentiary Warden, 23 F.3d

---

[1] In addition, under Section 455(b)(l), a judge must disqualify herself if she has a personal bias or prejudice concerning a party. The undersigned has no such bias or prejudice against defendant. See Liteky v. United States, 510 U.S. 540, 554-55 (1994) (bias and prejudice must come from extrajudicial source).

332, 333 (10th Cir. 1994). In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Here, at this preliminary stage and in light of defendant's education and apparent ability to present her claims, the Court overrules defendant's request to appoint counsel.

### III.     Motions For Bond And Immediate Release

Defendant seeks immediate release on bond pending the Court's ruling on her Section 2255 motion. The Court has inherent power to release a defendant pending a ruling on a habeas petition. Pfaff v. Wells, 648 F.2d 689, 693 (10th Cir. 1981). To obtain release, defendant must show "exceptional circumstances" or a "clear case on the merits" of her petition. United States v. Palermo, 191 F. App'x 812, 813 (10th Cir. 2006); Pfaff v. Wells, 648 F.2d 689, 693 (10th Cir. 1981). Defendant has not shown exceptional circumstances which would justify release after serving some six months of a 240-month prison term. In addition, while defendant has raised numerous claims in her 71-page motion to vacate (Doc. #255), she has not demonstrated a clear case on the merits. The Court therefore overrules defendant's request for bond and immediate release.

**IT IS THEREFORE ORDERED** that defendant's Motion To Appoint Counsel And Bond Release For Defendant (Doc. #256) filed September 25, 2015 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that defendant's Motion To Recuse The Honorable Judge Vratil (Doc. #257) filed September 25, 2015 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that defendant's Motion For Immediate Release (Doc. #258) filed October 7, 2015 be and hereby is **OVERRULED.**

Dated this 19th day of October, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge