# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | **No. 12-20099-01-KHV** |
| | ) | |
| MENDY READ-FORBES, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On September 24, 2015, defendant filed a <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #255).  On October 19, 2015, the Court overruled defendant's motion to recuse the undersigned judge, defendant's motion to appoint counsel and for bond release and defendant's motion for immediate release.   <u>See Memorandum And Order</u> (Doc. #262).  Defendant has filed several appeals which challenge those rulings.[1]  This matter is before the Court on defendant's <u>Application To Proceed Without Prepayment Of Fees And Affidavit By A Prisoner</u> (Doc. #272) filed October 29, 2015 and the government's <u>Motion To Suspend Government's Response to Defendant's 2255 Motion Pending Appeal</u> (Doc. #274) filed November 17, 2015.  For reasons stated below, the Court overrules defendant's motion to proceed without prepayment of fees and sustains the government's motion to stay deadlines.

---

[1]      <u>See Appeal From The Denial By The District Court To Recuse Judge Vratil For Judicial Bias</u> (Doc. #264) filed October 22, 2015; <u>Emergency Appeal From District Court's Denial Of Motion For The Immediate Release Of Mendy Read-Forbes</u> (Doc. #265) filed October 22, 2015; <u>Addendum To Defendant's Appeals</u> (Doc. #269) filed October 26, 2015 (rulings on motion to recuse, appointment of counsel and immediate release); <u>Appeal From The Denial By The District Court To Appoint Defendant Legal Counsel For Her 2255 Motion</u> (Doc. #270) filed October 26, 2015.

## I.      Motion To Appeal Without Prepayment Of Fees

Under Rule 24(a), Fed. R. App. P., defendant financially qualifies for *in forma pauperis* status.  Under Rule 24(a)(1)(C), however, defendant's motion must state the issues which she intends to appeal.  Rule 24(a) requires such a statement because the district court will deny *in forma pauperis* status if it determines that the appeal is not taken in good faith.  See Fed. R. App. P. 24(a)(3)(A).  Good faith is an objective standard measured by whether the appeal is "frivolous" or lacks a "rational argument on the law or facts."  See Coppedge v. United States, 369 U.S. 438, 448 (1962).  Defendant's notices of appeal related to the Court's ruling on recusal and appointment of counsel appear to be improper interlocutory appeals.[2]  In any event, as to all three issues which defendant raises on appeal, the Court finds that her appeal is not made in good faith.  See Memorandum And Order (Doc. #262).[3]  The Court therefore overrules defendant's motion to

---

[2]      Judicial proceedings related to a motion to vacate a criminal sentence under 28 U.S.C. § 2555 are generally considered part of a separate "civil action."  Even so, Section 2255 proceedings remain part of the underlying criminal prosecution.  United States v. Bergman, 746 F.3d 1128, 1130 (10th Cir. 2014).  Whether Section 2255 proceedings are considered civil or criminal for purposes of appeal, defendant does not cite any authority to immediately appeal the Court's rulings on recusal and appointment of counsel.  As a civil action, an appeal is not proper because the Court has not certified that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  As a criminal action, an appeal is not proper because defendant has not shown that she seeks to vindicate a right which would be totally lost if an appeal occurred after final judgment.  United States v. Levy, 947 F.2d 1032, 1034 (2d Cir. 1991) (interlocutory appeals in criminal cases disfavored and recognized as exceptions to final judgment rule only in limited circumstances where right sought to be vindicated would be totally lost if appeal occurred only after final judgment).

[3]      In particular, on the issue of release pending the Court's ruling on defendant's Section 2255 motion, defendant has not shown a rational argument for release on the law or the facts.  The Court has inherent power to release a defendant pending a ruling on a habeas petition.  Pfaff v. Wells, 648 F.2d 689, 693 (10th Cir. 1981).  To obtain release, defendant must show "exceptional circumstances" or a "clear case on the merits" of her petition.  United States v.
(continued...)

proceed *in forma pauperis*.

**II.     Motion To Suspend Briefing Deadlines**

Normally, an interlocutory appeal divests the district court of jurisdiction to hear any matter related to the appeal.  Stewart v. Donges, 915 F .2d 572, 576 (10th Cir. 1990).  Out of an abundance of caution, the Court stays briefing on defendant's Section 2255 motion.  The Court also sustains the government's Motion To Suspend Government's Response to Defendant's 2255 Motion Pending Appeal (Doc. #274).  Within 30 days of the Tenth Circuit's final order on defendant's appeal No. 15-3260, the government shall file a response to defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #255).  Within 45 days of the filing of the government's response, defendant may file a reply.

**IT IS THEREFORE ORDERED** that defendant's Application To Proceed Without Prepayment Of Fees And Affidavit by A Prisoner (Doc. #272) filed October 29, 2015 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that government's Motion To Suspend Government's Response to Defendant's 2255 Motion Pending Appeal (Doc. #274) filed November 17, 2015 be and hereby is **SUSTAINED.  Within 30 days of the Tenth Circuit's final order on defendant's appeal No. 15-3260, the government shall file a response to defendant's Motion Under 28**

---

[3](...continued)
Palermo, 191 F. App'x 812, 813 (10th Cir. 2006); Pfaff, 648 F.2d at 693.  As the Court noted in its prior order, defendant has not shown exceptional circumstances which would justify release after serving some six months of a 240-month prison term.  In addition, defendant has not demonstrated a clear case on the merits.  The Court therefore finds that defendant's appeal on this issue is not in good faith.  See Palermo, 191 F. App'x at 813 (defendant did not show exceptional circumstances based on health problems, significant delay in processing Section 2255 motion, and being on verge of transfer from prison to halfway house).

**U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody**

**(Doc. #255).  Within 45 days of the filing of the government's response, defendant may file a**

**reply.**

Dated this 19th day of November, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge