UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-20099-01-KHV |
| | ) |
| MENDY READ-FORBES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is the motion of defendant's local counsel, John R. Osgood, for pro hac vice admission of attorney David Jay Bernstein, of Deerfield Beach, Florida, pursuant to D. Kan. Rule 83.5.4 (ECF doc. 292). As required by Rule 83.5.4(a)(4), Mr. Bernstein submitted an affidavit in support of the motion.[1] In the affidavit, Mr. Bernstein disclosed that he "received a public reprimand from The Florida Bar for failure to supervise an employee."[2] The court thereafter contacted Mr. Osgood and asked him to file the reprimand issued by the Florida Bar, which he did (ECF doc. 296-1).[3]

The court has reviewed the reprimand, which approved a conditional guilty plea and consent judgment.[4] The conditional guilty plea and consent judgment indicates that on two

---

[1] ECF doc. 292 at 3–6.

[2] *Id.* at 5.

[3] Defendant's motion to supplement the pro hac vice motion with the Florida Bar reprimand (ECF doc. 296) is granted.

[4] ECF doc. 296-1.

occasions, Mr. Bernstein failed to properly supervise his firm paralegal, who took action on client matters without informing Mr. Bernstein of the existence of the client. It further indicates that on one occasion, Mr. Bernstein disseminated a direct-mail letter that violated various rules of the Supreme Court of Florida. These ethical violations concern the court. Even more concerning is Mr. Bernstein's failure to disclose the direct-mail violation in his affidavit in support of pro hac vice admission.

However, against these considerations, the court must weigh the defendant's "constitutional right to counsel of choice."[5] In *United States v. Collins*, the Tenth Circuit explained a criminal defendant's constitutional right to choose her counsel as follows:

> The sixth amendment guarantees that '[i]n all criminal prosecutions, the accused shall ... have the Assistance of Counsel for his defense.' U.S. Const. am. VI. 'It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice.' *Powell v. Alabama*, 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932). The right to retain counsel of choice stems from a defendant's right to decide what kind of defense he wishes to present. *United States v. Nichols*, 841 F.2d 1485, 1502 (10th Cir. 1988). "Attorneys are not fungible;" often "the most important decision a defendant makes in shaping his defense is his selection of an attorney." *United States v. Laura*, 607 F.2d 52, 56 (3d Cir. 1979); *Nichols*, 841 F.2d at 1502. When a defendant is financially able to retain counsel, the choice of counsel rests in his hands, not in the hands of the state. *United States v. Richardson*, 894 F.2d 492, 496 (1st Cir. 1990); *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985). A defendant's right to retain counsel of his choice therefore represents 'a right of constitutional dimension,' *United States v. Cunningham*, 672 F.2d 1064, 1070 (2d Cir. 1982), the denial of which may rise to the level of a constitutional violation, *Birt v. Montgomery*, 725 F.2d 587, 592 (11th Cir.) (en banc), cert. denied, 469 U.S.

---

[5]*United States v. Collins*, 920 F.2d 619, 626 (10th Cir 1990) ("Although the admission of attorneys pro hac vice is committed to the discretion of the district courts, denial of admission pro hac vice in criminal cases implicates the constitutional right to counsel of choice." (internal citations omitted)).

874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984); *Wilson*, 761 F.2d at 278–79.[6]

"Although there is a presumption in favor of a defendant's counsel of choice, the right is not absolute."[7] Counsel of choice "may not 'be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same.'"[8] If a defendant's choice of counsel would "burden the court with retained counsel who was incompetent or unwilling to abide by court rules and ethical guidelines," the court need not accept that choice.[9] Thus, courts "may consider an attorney's ethical fitness before granting a motion to proceed pro hac vice."[10]

In the end, the court "must balance [the] defendant's constitutional right to retain counsel of [her] choice against the need to maintain the highest standards of professional responsibility, the public's confidence in the integrity of the judicial process and the orderly administration of justice."[11] Whether to grant the motion for pro hac vice admission is a close call in this case, but ultimately the balance tips in favor of defendant's right to select her counsel. Mr. Bernstein's past ethical violations do not reach the level of those of

---

[6] *Id.* at 624–25 (footnotes omitted).

[7] *United States v. McKeighan*, 685 F.3d 956, 966 (10th Cir. 2012).

[8] *Collins*, 920 F.2d at 625 (internal citations omitted).

[9] *Id.* (quoting *United States v. Panzardi Alvarez*, 816 F.2d 813, 818 (1st Cir. 1987)).

[10] *Id.* at 626 (citing *Panzardi–Alvarez*, 879 F.2d 975, 980 (1st Cir. 1989) (denial of pro hac vice status appropriate where attorney previously violated Fed. R. Crim. P. 44(c) and harassed judge outside chambers) and *Thomas v. Cassidy*, 249 F.2d 91, 92 (4th Cir. 1957) (denial of pro hac vice admission based upon "unlawyerlike conduct" justifiable)).

[11] *Id.* (internal citations omitted).

attorneys denied pro hac vice admission in other published cases.[12] The court will grant Mr. Bernstein admission to this court for purposes of this case, but warns *all* attorneys entering their appearances that they will be held to the highest professional standards. Should the court discover Mr. Bernstein being anything less than completely honest with the court – either through affirmative statements or knowing omissions – the court will not hesitate to revoke his pro hac vice status.

Finally, to ensure defendant is aware of her counsel's disciplinary history, Mr. Osgood is directed to provide defendant copies of the following documents forthwith: (1) the pro hac vice motion and accompanying affidavit in support (ECF doc. 292), (2) the public reprimand from The Florida Bar (ECF doc. 296-1), and (3) this order. Mr. Osgood shall file a notice of compliance with this requirement by **April 27, 2016**.

IT IS SO ORDERED.

Dated April 13, 2016, at Kansas City, Kansas.

                                                s/ James P. O'Hara
                                                James P. O'Hara
                                                U.S. Magistrate Judge

---

[12]*See, e.g., United States v. Howell*, 936 F. Supp. 767, 773–74 (D. Kan. 1996) (revoking pro hac vice admission of attorney who had a history of his pro hac vice admissions being revoked by other courts and who, when directly questioned about his past ethical violates, made false and misleading statements in open court); *Panzardi–Alvarez*, 879 F.2d at 980 (denial of pro hac vice status appropriate where attorney previously violated Fed. R. Crim. P. 44(c) and harassed judge outside chambers).