## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 12-20099-01-KHV** |
| v. | ) | |
| | ) | |
| MENDY READ-FORBES, | ) | **CIVIL ACTION** |
| | ) | **No. 15-9283-KHV** |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion For Enlargement Of Time To File

Reply (Doc. #294) filed April 8, 2016.  For reasons stated below, the Court overrules defendant's

motion.

On April 27, 2015, the Court sentenced defendant to 240 months in prison.  Defendant

appealed.  On September 22, 2015, the Tenth Circuit Court of Appeals granted the government's

motion to enforce the appeal waiver in the plea agreement and dismissed defendant's appeal.  On

September 24, 2015, defendant filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or

Correct Sentence By A Person In Federal Custody (Doc. #255).  On October 19, 2015, the Court

overruled defendant's motion to recuse the undersigned judge, defendant's motion to appoint

counsel and for bond release and defendant's motion for immediate release.  See Memorandum And

Order (Doc. #262).  Defendant filed several appeals which challenged those rulings.[1]  In light of

---

[1]    See Appeal From The Denial By The District Court To Recuse Judge Vratil For
Judicial Bias (Doc. #264) filed October 22, 2015; Emergency Appeal From District Court's Denial
Of Motion For The Immediate Release Of Mendy Read-Forbes (Doc. #265) filed October 22, 2015;
Addendum To Defendant's Appeals (Doc. #269) filed October 26, 2015 (rulings on motion to
recuse, appointment of counsel and immediate release); Appeal From The Denial By The District
Court To Appoint Defendant Legal Counsel For Her 2255 Motion (Doc. #270) filed October 26,
(continued...)

defendant's appeals, the Court stayed the briefing on defendant's Section 2255 motion. Memorandum And Order (Doc. #275) filed November 19, 2015. The Court ordered that within 30 days of the Tenth Circuit's final order on defendant's appeal, the government file a response to defendant's Section 2255 motion and within 45 days of the filing of the government's response, defendant file a reply. Id. On February 1, 2016, the Tenth Circuit affirmed this Court's order denying defendant's motion for immediate release. It did not consider defendant's other challenges. On February 5, 2016, the government filed a timely response to defendant's Section 2255 motion. Defendant's deadline to file a reply was March 21, 2016, i.e. within 45 days of the government response.

Defendant seeks leave to file a reply brief out of time. Defendant filed her motion 18 days after the deadline to reply had expired. Rule 6(b)(1)(B), Fed. R. Civ. P., provides in part as follows: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Absent a showing of "excusable neglect," the Court will not grant extensions requested after the specified time expires. D. Kan. Rule 6.1(a). In her motion, defendant has not shown or attempted to show "excusable neglect" to extend the deadline to reply.[2] Counsel does not state when

_____

[1](...continued)
2015.

[2]        To determine whether neglect is excusable, the Court considers (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party and (4) the existence of good faith on the part of the moving party. Hamilton v. Water Whole Int'l. Corp., 302 F. App'x 789, 798 (10th Cir. 2008); United States v. Torres, 372 F.3d 1159, 1162 (10th Cir. 2004). The reason for delay is an important, if not the most important, factor in this analysis. Hamilton, 302 F. App'x at 798; Torres, 372 F.3d at 1163.

defendant retained him or why he did not file a motion before the reply deadline of March 21, 2016.[3]

On the present record, the Court overrules defendant's motion for an extension of time to file a reply

brief.

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion For Enlargement Of Time To</u>

<u>File Reply</u> (Doc. #294) filed April 8, 2016 be and hereby is **OVERRULED**.

Dated this 20th day of April, 2016 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

---

[3]      The Court expects that Missouri and Florida attorneys who are admitted to this Court
on a pro hac basis or otherwise to fully comply with all local rules of the District of Kansas.