**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 12-20099-01-KHV** |
| v. | ) | |
| | ) | |
| MENDY READ-FORBES, | ) | **CIVIL ACTION** |
| | ) | **No. 15-9283-KHV** |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's <u>Motion For Leave To Amend 28 U.S.C.</u> <u>§ 2255 Motion</u> (Doc. #302) filed May 19, 2016.  For reasons stated below, the Court sustains defendant's motion.

On April 27, 2015, the Court sentenced defendant to 240 months in prison.  Defendant appealed.  On September 22, 2015, the Tenth Circuit Court of Appeals granted the government's motion to enforce the appeal waiver in the plea agreement and dismissed defendant's appeal.  On September 24, 2015, defendant filed a <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or</u> <u>Correct Sentence By A Person In Federal Custody</u> (Doc. #255).  On October 19, 2015, the Court overruled defendant's motion to recuse the undersigned judge, defendant's motion to appoint counsel and for bond release and defendant's motion for immediate release.  <u>See</u> <u>Memorandum And Order</u> (Doc. #262).  Defendant filed several appeals which challenged those rulings.[1]  In light of

---

[1]      <u>See</u> <u>Appeal From The Denial By The District Court To Recuse Judge Vratil For</u> <u>Judicial Bias</u> (Doc. #264) filed October 22, 2015; <u>Emergency Appeal From District Court's Denial</u> <u>Of Motion For The Immediate Release Of Mendy Read-Forbes</u> (Doc. #265) filed October 22, 2015; <u>Addendum To Defendant's Appeals</u> (Doc. #269) filed October 26, 2015 (rulings on motion to recuse, appointment of counsel and immediate release); <u>Appeal From The Denial By The District</u> <u>Court To Appoint Defendant Legal Counsel For Her 2255 Motion</u> (Doc. #270) filed October 26,
(continued...)

defendant's appeals, the Court stayed the briefing on defendant's Section 2255 motion. Memorandum And Order (Doc. #275) filed November 19, 2015.  The Court ordered that within 30 days of the Tenth Circuit's final order on defendant's appeal, the government file a response to defendant's Section 2255 motion and within 45 days of the filing of the government's response, defendant file a reply.  Id.  On February 1, 2016, the Tenth Circuit affirmed this Court's order denying defendant's motion for immediate release.  It did not consider defendant's other challenges. On February 5, 2016, the government filed a timely response to defendant's Section 2255 motion.

On May 19, 2016, defendant filed a motion for leave to amend her Section 2255 motion.  In her proposed amended complaint, defendant asserts that Shazzie Naseem provided ineffective assistance of counsel because he did not object to a four-level enhancement of her Guidelines range based on the actual amount of money that she laundered.

Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final.[2]  Rule 15, Fed. R. Civ. P., governs a motion to

---

[1](...continued)
2015.

[2]    The one-year period of limitation runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have
(continued...)

amend a Section 2255 petition if it is made before the one-year limitation period has expired. <u>United States v. Ohiri</u>, 133 F. App'x 555, 559 (10th Cir. 2005). Here, defendant filed her motion to amend well before the one-year deadline.[3]

Although Rule 15(a) requires that leave to amend "be freely given when justice so requires," whether leave should be granted is within the trial court's discretion. <u>See Woolsey v. Marion Labs., Inc.</u>, 934 F.2d 1452, 1462 (10th Cir. 1991). In this regard, the Court considers undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party or futility of amendment. <u>Frank v. U.S. West, Inc.</u>, 3 F.3d 1357, 1365 (10th Cir. 1993).

The government notes that defendant has not adequately explained the reason for her delay in seeking leave to amend. The Court has discretion to deny leave to amend for undue delay or untimeliness without a showing of prejudice to the other party after looking to the reasons for the delay and the presence of excusable neglect. <u>Steinert v. The Winn Group, Inc.</u>, 190 F.R.D. 680, 683 (D. Kan. 2000). If movant has been aware of the facts on which the amendment is based for some time prior to the motion to amend, the Court may properly deny the motion for failure to demonstrate excusable neglect. <u>Braintree Labs., Inc. v. Nephro-Tech, Inc.</u>, 31 F. Supp.2d 921, 923 (D. Kan.

---

[2](...continued)
been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[3]     When defendant has filed an appeal, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court ruling. <u>Clay v. United States</u>, 537 U.S. 522, 524-25 (2003). Here, the Tenth Circuit dismissed defendant's appeal on September 22, 2015. Defendant had until December 21, 2015 (90 days from the Tenth Circuit's ruling) to file a petition for writ of certiorari with the Supreme Court. She did not do so. Therefore defendant had until December 21, 2016 to file a motion to vacate under Section 2255.

1998).

Defendant filed her original motion only two days after the Tenth Circuit ruled on her appeal. Shortly after the government filed its response brief, defendant retained counsel. Counsel states that after reviewing defendant's pro se motion, he recognized that filing a reply to the government's response would have been futile because the only meritorious issue in the pro se motion was a single claim of ineffective assistance of counsel that was insufficiently pled. Doc. #302 at 2. Defense counsel acknowledges that if the Court grants leave to amend, the amended motion would replace the original motion and defendant would effectively waive the numerous claims raised in the original motion. Doc. #307 at 1. The government has not alleged that the proposed amendment would be prejudicial – let alone unduly prejudicial. In addition, the government does not dispute that the proposed amended claim potentially has merit. In these circumstances, the Court grants defendant leave to file an amended complaint.

**IT IS THEREFORE ORDERED** that defendant's Motion For Leave To Amend 28 U.S.C. § 2255 Motion (Doc. #302) filed May 19, 2016 is **SUSTAINED**. **On or before August 17, 2016, defendant shall file the proposed amended motion to vacate attached to her Motion For Leave To Amend 28 U.S.C. § 2255 Motion (Doc. #302) filed May 19, 2016. On or before September 30, 2016, the government shall file a response to defendant's amended Section 2255 motion. On or before October 31, 2016, defendant may file a reply.**

Dated this 11th day of August, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge