IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 12-20099-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| MENDY READ-FORBES, | ) | No. 15-9283-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

On April 23, 2015, the Court sentenced defendant to 240 months in prison. This matter is before the Court on defendant's Amended Motion To Vacate, Set Aside Or Correct A Sentence Under 28 U.S.C. § 2255 (Doc. #312) filed August 16, 2016. On July 28, 2017, the Court held an evidentiary hearing on defendant's motion. For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.[1]

## **Factual Background**

On January 23, 2013, a grand jury returned an indictment which charged defendant with conspiracy to commit money laundering, 16 counts of laundering the proceeds of drug transactions, conspiracy to possess with intent to distribute marijuana and possession with intent to distribute

---

[1] On August 3, 2017, defendant filed a pro se letter which attempts to further explain her testimony at the hearing and to request leniency. See Doc. #338. The Court declines to consider the pro se filing because defendant is represented by counsel who did not sign the document. See United States v. Sandoval-DeLao, 283 F. App'x 621, 625 (10th Cir. 2008) (no error in refusal to consider pro se motion when defendant represented by counsel); United States v. Castellon, 218 F. App'x 775, 780 (10th Cir. 2007) (if criminal defendant represented by counsel, court does not accept pro se filings); United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to hybrid form of representation).

marijuana. See Superseding Indictment (Doc. #78).[2]  On April 21, 2014, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Plea Agreement (Doc. #132). The agreement proposed a sentencing range of 84 to 180 months in prison. See id. ¶ 3. Under the agreement, the government stipulated that at sentencing, it would dismiss the remaining 18 counts of the superseding indictment and also dismiss Case 13-20041-01. See id. ¶ 1.

At a sentencing hearing on January 28, 2015, the parties agreed to resolve various sentencing objections: (1) defendant agreed that her offense level should be enhanced two levels under Section 3B1.4 of the United States Sentencing Guidelines for use of a minor; (2) the government agreed to withdraw its request for a four-level enhancement under Section 2S1.1(b)(2)(C) for being in the business of laundering money and its request for a two-level enhancement under Section 3B1.3 for abuse of a position of trust and (3) defendant agreed to withdraw her objection to the amount of money laundered under Section 2S1.1. Defendant had a total offense level of 37 with a criminal history category I, for a guideline range of 210 to 240 months.[3] See Transcript (Doc. #236) at 5; Presentence Investigation Report (Doc. #161) filed December 2, 2014, ¶¶ 187, 225-38. After hearing testimony and defendant's allocution, the Court rejected the plea agreement. The

---

[2]  On April 10, 2013, in a separate action, a grand jury returned an indictment which charged defendant with conspiracy to defraud M&I Bank and conspiracy to commit money laundering. See Indictment (Doc. #1 filed in Case No. 13-20041-KHV), Counts 1 and 2. In particular, the grand jury in Case No. 13-20041 alleged that defendant falsely represented facts about her business, DSR Homes, to M&I Bank and certain investors. Id., Count 1.

Laura Shoop was the only co-defendant in Case No. 12-20099. Defendant's husband, Brian Forbes, was the only co-defendant in Case No. 13-20041.

[3]  The Guidelines provided a range of 210 to 262 months, but the statutory maximum for the count of conviction capped the high end of the range at 240 months.

2

Court stated as follows:

> [Defendant is] continuing to try to manipulate people to get a better outcome for herself instead of . . . falling on the sword and just taking the facts for what they are and quit trying to manufacture evidence in support of bogus positions. * * *
>
> And because she doesn't get it, I am very confident that she's going to commit future crimes, that she's going to say anything – that she'll continue to manipulate people to accomplish what she wants, that she will continue to lie to get her way, that she has undisguised contempt for the legal system. * * *
>
> The parties here have proposed a binding plea of 84 to [1]80 months followed by three years of supervised release, no fine, and a mandatory special assessment. In addition, there would be restitution in the amount of $370,003.70 minus any claims made in the corresponding civil lawsuit. In addition, Ms. Forbes would agree to pay restitution for all counts, including dismissed counts in Case 12-20099.
>
> When I look at the record in this case, including most particularly the presentence report, the statements of counsel, and especially the allocution and the statements of Ms. Forbes and the evidence which I heard here today . . . I, in good conscience, cannot accept the proposed agreement. So I am rejecting it and will set this matter for a status conference . . . after the parties have had a chance to decide whether they want to try to renegotiate the plea agreement or to set the matter for trial.

Transcript (Doc. #236) at 191, 200, 202.

On March 18, 2015, defendant again pled guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Plea Agreement (Doc. #204). The revised agreement was not under Rule 11(c)(1)(C), but it included a joint recommendation to sentence defendant to 210 months, the low end of the agreed guideline range of 210 to 240 months. See id. ¶ 3. On April 23, 2015, the Court sentenced defendant to 240 months.

Defendant appealed. On August 31, 2015, the Tenth Circuit granted the government's motion to enforce the appeal waiver in the plea agreement and dismissed the appeal. See Order And Judgment (Doc. #254).

3

Shazzie Naseem represented defendant throughout the district court proceedings in this case.[4] Debra A. Vermillion represented defendant in Case No. 13-20041.

On September 24, 2015, defendant filed a pro se motion to vacate her sentence under 28 U.S.C. § 2255. See Motion Under 28 U.S.C. § 2255 (Doc. #255). On April 8, 2016, John R. Osgood entered an appearance on her behalf. The Court subsequently granted defendant leave to file an amended Section 2255 motion which asserts a single claim that Naseem provided ineffective assistance. See Amended Motion To Vacate, Set Aside Or Correct A Sentence Under 28 U.S.C. § 2255 (Doc. #312). Defendant alleges that Naseem provided ineffective assistance because he did not argue at either sentencing hearing that the amount of money laundered under Section 2S1.1 of the Guidelines should be calculated based on actual loss, not intended loss. Id. at 5.

**Findings Of Fact**

On July 28, 2017, the Court held an evidentiary hearing on defendant's motion to vacate sentence. Naseem and defendant testified at the hearing. Based on the record and the testimony at the hearing, the Court finds as follows:

Naseem evaluated whether, under the Guidelines, the Court would group the offense conduct in Cases 12-20099-01 and 13-20041-01. He did not feel confident that the Court would apply the grouping rules because the underlying conduct in the two cases was not closely related.[5] Naseem attempted to negotiate a Rule 11(c)(1)(C) plea for a fixed sentence, but government counsel would agree only to a fixed range. Based in part on the government's agreement to dismiss the remaining

---

[4] David H. Johnson represented defendant at the initial Rule 5 hearing, but on August 20, 2012, the Court granted his motion to withdraw and appointed Naseem.

[5] As noted, Case 12-20099-01 related to laundering drug proceeds with Laura Shoop while Case 13-20041-01 related to bank fraud with Brian Forbes.

counts in Case 12-20099 and both counts in Case 13-20041, Naseem and Vermillion told defendant that a Rule 11(c)(1)(C) plea to a single count of conspiracy was in her best interests – even with a fixed range of 84 to 180 months. Defendant agreed and voluntarily entered a plea of guilty.

The initial presentence investigation report proposed a total offense level 35 and a criminal history I, for a guideline range of 168 to 210 months. See Presentence Investigation Report (Doc. #161) ¶ 187. Defendant objected to the amount of laundered funds under Section 2S1.1 of the Guidelines because it had been calculated on the basis of intended loss. See id. ¶¶ 272-76. The government objected on three grounds: it argued that defendant's offense level should be enhanced (1) two levels under Section 3B1.4 for use of a minor; (2) four levels under Section 2S1.1(b)(2)(C) for being in the business of laundering money and (3) two levels under Section 3B1.3 for abuse of a position of trust. See id. ¶¶ 217-19, 225-36, 239-58. Naseem, Vermillion and defendant discussed the various objections and the possibility of withdrawing the objection to the amount of laundered funds under Section 2S1.1. Ultimately, they agreed that as a matter of strategy, in exchange for the government's agreement to withdraw two objections, defendant should withdraw the objection to the amount of laundered funds and concede that the enhancement for use of a minor applies.[6] Accordingly, Naseem withdrew defendant's objection to the amount of laundered funds. With the two-level enhancement for use of a minor, defendant's revised offense level was 37 for a revised guideline range of 210 to 240 months. Naseem and defendant essentially decided to forego any argument on the calculation of the guideline range and focus instead on the sentencing factors under 18 U.S.C. § 3553(e).

---

[6] The government agreed to withdraw its requests to enhance defendant's offense level for being in the business of laundering money and for abuse of a position of trust.

After the Court rejected the Rule 11(c)(1)(C) plea agreement, Naseem and defendant discussed her options – either enter a second plea agreement or proceed to trial. Naseem explained that given the Court's findings on her credibility at the first sentencing hearing, a jury might also find that she was not credible. After further discussion, Naseem explained to defendant that she could plead guilty in exchange for a government recommendation of the low end of the applicable guideline range of 210 to 240 months. Defendant agreed and voluntarily entered a plea of guilty.

Defendant is a law school graduate and she understood the various issues in both plea agreements. She fully understood and agreed with counsel's strategy at both sentencing hearings, i.e. to forego any objections under the Guidelines and focus on the sentencing factors under 18 U.S.C. § 3553(e). Defendant also understood that no case law in the Tenth Circuit supported her objection to the amount of laundered funds under Section 2S1.1 of the Guidelines.

## **Analysis**

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir.

1988).

Defendant argues that Naseem provided ineffective assistance because at the initial sentencing hearing, he did not argue that the amount of laundered funds should be based on actual loss, not intended loss. As explained above, Naseem objected to the initial presentence investigation report because the amount of laundered funds had been calculated on the basis of intended loss. See Presentence Investigation Report (Doc. #161) ¶ 272-76. In exchange for the government agreement to withdraw its requests to enhance defendant's offense level for being in the business of laundering money and for abuse of a position of trust, Naseem withdrew the objection to the amount of laundered funds. Naseem and defendant understood that no case law supported their suggested interpretation of Section 2S1.1 and that if the government prevailed on its remaining objections, defendant's guideline range would be the statutory maximum of 240 months. Counsel's decision to withdraw the objection at the initial sentencing hearing was within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689; see Hatch v. Oklahoma, 58 F.3d 1447, 1459 (10th Cir. 1995) (counsel's decisions concerning strategy only constitute ineffective assistance if they are "completely unreasonable, not merely wrong," so that they bear no relationship to possible defense strategy).

Defendant also argues that at the second sentencing hearing, Naseem provided ineffective assistance because he did not argue that the amount of laundered funds should be based on actual loss, not intended loss. Of course, under the plea agreement, the parties stipulated to the relevant guideline range of 210 to 240 months, which is the same range that the Court calculated at the initial sentencing hearing. See Plea Agreement (Doc. #204) ¶ 2. When defendant entered her plea of guilty under the second plea agreement, she fully understood that the agreement precluded her from

7

raising objections to the guideline range of 210 to 240 months. If Naseem had objected to the calculation of the amount of money laundered, the Court likely would have found that defendant had breached the plea agreement. Accordingly, Naseem's decision not to pursue the objection and instead focus on the Section 3553(e) factors was more than reasonable. See Hatch, 58 F.3d at 1459; see also United States v. Puro, No. CIV. 13-1156 JNE, 2014 WL 1775689, at *5 (D. Minn. May 5, 2014) (strong presumption that counsel sought to avoid evidentiary hearing at sentencing pursuant to sound defense strategy).

Even if the Court assumed that Naseem's performance was somehow deficient in not pursuing an objection to the amount of money laundered, defendant has not established prejudice, i.e. a reasonable probability that if counsel had pursued the objection, the Court would have imposed a lower sentence. See United States v. Hemsley, 287 F. App'x. 649, 650 (10th Cir. 2008); United States v. Rantz, 862 F.2d 808, 810-11 (10th Cir. 1988). Initially, defendant has not shown that if the Court had addressed the objection at either hearing, her guideline sentence would have been less. As explained above, no case law supported her objection to the amount of laundered funds. In addition, if defendant had pursued her objection, the government likely would have pursued its two objections, which potentially could have led to a higher guideline range.[7] Even if defendant could somehow show that a lower guideline range would have applied had counsel pursued the objection, she has not shown that the Court likely would have imposed a guideline sentence. At the hearing on defendant's motion to vacate, defendant argued that the Court would have been required to make detailed findings to justify a sentence of 240 months if it was above the high end of a hypothetical

---

[7] If the Court had overruled defendant's objection and sustained one or both of the government objections, defendant likely would have faced a guideline sentence of 240 months, the statutory maximum.

8

guideline range. In light of the Court's numerous findings as to defendant's credibility and the factors under Section 3553(e), defendant has not shown – and cannot show – a reasonable probability that the Court would have declined to make the findings necessary to justify a 240-month sentence.[8] See Hemsley, 287 F. App'x. at 650 (insufficient to show that had counsel objected, appellate standard of review would have been different); see also United States v. Avitia-Bustamante, No. CIV-12-1130-M, 2013 WL 12198472, at *1 (W.D. Okla. Jan. 9, 2013) (absent showing that court likely would have imposed different sentence, failure to ask for specific fact finding not prejudicial). Defendant has not shown prejudice from Naseem's performance.

For the above reasons, the Court overrules defendant's motion to vacate sentence.

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[9] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v.

---

[8] Naseem's argument on the Section 3553(e) factors was within the wide range of reasonable professional assistance. Despite his reasoned and passionate argument, the Court rejected it and found that defendant should receive a longer sentence to satisfy the sentencing factors under 18 U.S.C. § 3553(a). Given that the Court rejected the parties' joint request for a low end sentence of 210 months, any argument that the Court should re-evaluate the sentencing range calculation would not have altered defendant's ultimate sentence.

[9] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Amended Motion To Vacate, Set Aside Or Correct A Sentence Under 28 U.S.C. § 2255 (Doc. #312) filed August 16, 2016 is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 30th day of August, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge