# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CRIMINAL ACTION |
| Plaintiff, | ) | No. 12-20099-01-KHV |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | No. 19-2530-KHV |
| MENDY READ-FORBES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On April 23, 2015, the Court sentenced defendant to 240 months in prison. This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #354), defendant's Motion For [Rule] 41g Return Of Evidence And Property (Doc. #355), defendant's Motion For Appointment Of Attorney (Doc. #356) and defendant's Motion To Reassign Case Number 12-20099 To Judge Robinson (Doc. #357), all filed September 3, 2019. For reasons stated below, the Court dismisses defendant's Section 2255 and Rule 41(g) motions for lack of jurisdiction, denies a certificate of appealability and overrules defendant's remaining motions.

## Factual Background

On January 23, 2013, a grand jury returned an indictment which charged defendant with conspiracy to commit money laundering, 16 counts of laundering the proceeds of drug transactions, conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. See Superseding Indictment (Doc. #78). On April 21, 2014, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Plea Agreement

(Doc. #132). The agreement proposed a sentencing range of 84 to 180 months in prison. See id., ¶ 3. Under the agreement, the government stipulated that at sentencing, it would dismiss the remaining 18 counts of the superseding indictment and also dismiss Case Number 13-20041-01.[1] See id., ¶ 1.

Defendant had a total offense level of 37 with a criminal history category I, for a guideline range of 210 to 240 months.[2] See Transcript (Doc. #236) at 5; Presentence Investigation Report (Doc. #161) filed December 2, 2014, ¶¶ 187, 225-38. After hearing testimony and defendant's allocution, the Court rejected the plea agreement.

On March 18, 2015, defendant again pled guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Plea Agreement (Doc. #204). The revised agreement was not under Rule 11(c)(1)(C), but it included a joint recommendation to sentence defendant to 210 months, the low end of the agreed guideline range of 210 to 240 months. See id., ¶ 3. On April 23, 2015, the Court sentenced defendant to 240 months.

Defendant appealed. On August 31, 2015, the Tenth Circuit granted the government's motion to enforce the appeal waiver in the plea agreement and dismissed the appeal. See Order And Judgment (Doc. #254).

On September 24, 2015, defendant filed a pro se motion to vacate her sentence under 28 U.S.C. § 2255. See Motion Under 28 U.S.C. § 2255 (Doc. #255). The Court subsequently

---

[1] On April 10, 2013, in a separate action, a grand jury returned an indictment which charged defendant with conspiracy to defraud M&I Bank and conspiracy to commit money laundering. See Indictment (Doc. #1 filed in Case No. 13-20041-KHV), Counts 1 and 2.

[2] The Guidelines provided a range of 210 to 262 months, but the statutory maximum for the count of conviction capped the high end of the range at 240 months.

granted defendant leave to file an amended Section 2255 motion which asserted a single claim that counsel provided ineffective assistance. See Amended Motion To Vacate, Set Aside Or Correct A Sentence Under 28 U.S.C. § 2255 (Doc. #312). On August 30, 2017, the Court overruled defendant's motion to vacate. See Memorandum And Order (Doc. #339). Defendant did not appeal.

In 2018, in the Tenth Circuit Court of Appeals, defendant sought leave to file a successive Section 2255 motion. Defendant asserted that her conviction should be vacated based on "newly discovered evidence that, while she was detained at the [Corrections Corporation of America ("CCA") detention facility in Leavenworth,] Kansas, her telephone conversations with her attorney and other privileged attorney-client communications appear to have been recorded and/or provided to the prosecution." Order (Doc. #345) filed July 27, 2018 at 2. The Tenth Circuit denied defendant's request for leave to file a successive Section 2255 motion, stating as follows:

> [Defendant] argues that the alleged illicit recordings "likely affected her case" and "potentially [involved] a structural error that has fatally flawed her prosecution." Mot. for Authorization (Proposed Filing) at 25, 26. But she fails to make a prima facie showing that this evidence, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [her] guilty of the offense." 28 U.S.C. § 2255(h)(2) (emphasis added). Absent such a showing, we cannot authorize a second-or-successive motion under § 2255 based on new evidence.

Id.

Earlier this year, the Honorable Julie A. Robinson made extensive findings in United States v. Black et al., D. Kan., No. 16-20032-JAR, which involved a broad challenge to the government's possession of soundless video recordings of attorney visitation rooms at the CCA detention facility in Leavenworth, and its possession and distribution of audio recordings of telephone calls between several detainees and their counsel. In relevant part, Chief Judge Robinson stated as follows:

> Oakley, one of the prosecutors in the Black case, Wamble [another prosecutor], and IRS Special Agent Henry Herron encountered a call between defendant Mendy Forbes and criminal defense attorney Kurt Kerns, who was not then Forbes' counsel of record. Oakley acknowledged in an email exchange with Wamble and agents that Forbes and Kerns could have been engaged in a protected attorney-client communication, even though he was not yet counsel of record. Although Oakley did not listen to the substance of the call, neither he nor Wamble notified counsel; nor did they divest the USAO's possession of those calls until January 7, 2019.
>
> Nevertheless, the AUSAs proceeded to request Forbes' calls by email request on five subsequent occasions during 2015 and 2016 and did not notify Kerns or exclude his phone number or the phone numbers of Forbes' two counsel of record, Deb Vermillion and Shazzie Naseem. In all, the USAO obtained 32 attorney-client calls of Forbes. * * * *
>
> Tomasic testified that whenever she shared with the lunchroom group the advice she received from Warner, Metzger, Welch, and the PRAO, the group roundly dismissed the advice as wrong, telling her that calls placed by detainees at CCA to their attorneys were not privileged because they were on notice that the call was recorded because of the recorded preamble. Tomasic testified that in 2016, she discussed the calls in the Huff case with Oakley and Flannigan, who advised her that the calls were not privileged. Tomasic further testified that Oakley told her about his experience with attorney-client calls in Forbes, and she understood from that discussion that such calls were "fair game."

United States v. Carter, No. 16-20032-02-JAR, 2019 WL 3798142, at *43, *52 (D. Kan. Aug. 13, 2019).

Defendant's present Section 2255 motion asserts that the government violated her Sixth Amendment right to speak confidentially with counsel free from government interference. See Motion Under 28 U.S.C. § 2255 (Doc. #354) at 4.

## Analysis

**I.  Section 2255 Motion**

As stated, defendant previously filed a Section 2255 motion. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless she first applies to the appropriate court of

appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or, on the other hand, if it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense or (2) a new rule of constitutional law that was previously unavailable and made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h).

Because defendant did not receive authorization from the Tenth Circuit and it appears that her present claim similarly does not satisfy the authorization standards under Section 2255, the Court dismisses the motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases). Defendant does

not assert new evidence within the meaning of Section 2255(h) or that the Supreme Court has made retroactive a new rule of constitutional law. Chief Judge Robinson's order in Carter suggests that defendant may have a factual basis for her claim. Even so, as explained by the Tenth Circuit, defendant cannot overcome the procedural hurdle to receive authorization to file a second Section 2255 motion because she has not shown newly discovered evidence that "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [her] guilty of the offense." 28 U.S.C. § 2255(h)(2); Order (Doc. #345) at 2.[3] Defendant presents "new evidence" that may support a legal challenge that the government violated her Sixth Amendment rights, but it does not show her factual innocence of the underlying offense. Therefore, the Court dismisses her claim for lack of jurisdiction. See United States v. Maravilla, 566 F. App'x 704, 707-08 (10th Cir. 2014) (§ 2255(h)(1) requires new evidence of "actual factual innocence," not merely "legal innocence"); see also United States v. Ellsworth, 296 F. App'x 612, 616 (10th Cir. 2008) (§ 2255(h)(1) requires new evidence of "actual innocence").

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[4] To satisfy this standard, the movant

---

[3] Defendant argues that her motion is timely based on equitable tolling, but she does not address whether her motion satisfies the jurisdictional threshold for a second or successive Section 2255 motion.

[4] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

## II. Motion For Rule 41(g) Return Of Evidence (Doc. #355)

Defendant asks the Court to order the government to return the recordings of the 32 phone calls that involve her communications with counsel. The government notes that it provided the recordings to Chief Judge Robinson as part of the Black litigation and did not retain a copy. See Government's Response To Defendant's Post-Conviction Motions (Doc. #361) filed October 15, 2019 at 5-6. Because the government no longer possesses the recordings, the Court dismisses defendant's Rule 41(g) motion for lack of jurisdiction. See United States v. Soto-Diarte, 370 F. App'x 886, 888 (10th Cir. 2010).

## III. Motion For Appointment Of Attorney (Doc. #356)

Defendant asks the Court to appoint counsel to investigate potential Sixth Amendment claims involving attorney-client recordings. Under District of Kansas Standing Order No. 18-3, the Federal Public Defender ("FPD") was appointed "to represent any defendant from the District of Kansas who may have a post-conviction Sixth Amendment claim based on the recording of in person attorney-client meetings or attorney-client phone calls by any holding facility housing federal detainees within this District." As part of the appointment, the FPD is to review potential cases.

Defendant notes that the FPD has reviewed her case, but it has declined to file a

Section 2255 motion on her behalf. For reasons stated above and in light of the Tenth Circuit order which holds that defendant cannot satisfy the authorization standards for a second Section 2255 motion, defendant is not entitled to counsel. Accordingly, the Court overrules her motion to appoint counsel.

**IV.     Motion To Reassign Case (Doc. #357)**

Defendant asks the Court to reassign her case to Chief Judge Robinson as part of the Black litigation. See Motion To Reassign (Doc. #357) at 1. In her reply brief, however, defendant asks that her case remain with the undersigned judge. See Defendant's Reply To Government's Response To Defendant's Post-Conviction Motions (Doc. #362) filed November 1, 2019 at 8. Accordingly, the Court overrules defendant's motion to reassign the case.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #354) filed September 3, 2019 is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion For [Rule] 41g Return Of Evidence And Property (Doc. #355) filed September 3, 2019 is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that defendant's Motion For Appointment Of Attorney (Doc. #356) filed September 3, 2019 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion To Reassign Case Number 12-20099 To Judge Robinson (Doc. #357) filed September 3, 2019 is **OVERRULED**.

Dated this 21st day of November, 2019 at Kansas City, Kansas.

                                                              s/ Kathryn H. Vratil
                                                              KATHRYN H. VRATIL
                                                              United States District Judge