## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 12-20099-01-KHV |
| MENDY READ-FORBES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On April 23, 2015, the Court sentenced defendant to 240 months in prison.   This matter is before the Court on defendant's <u>Motion For Sentence Reduction Under [18 U.S.C. Section] 3582(C)(1)(A)(i) And Emergency Release Due To The Coronavirus</u> (Doc. #375) filed April 10, 2020.   On April 13, 2020, the government filed its opposition brief.   <u>See Government's Response To Defendant's Motion For Compassionate Release Under The First Step Act</u> (Doc. #377).   Because of the emergency nature of defendant's motion, the Court decides defendant's motion without a reply brief.   For reasons stated below, the Court dismisses defendant's motion without prejudice for lack of jurisdiction.

### Factual Background

On January 23, 2013, a grand jury returned an indictment which charged defendant with conspiracy to commit money laundering, 16 counts of laundering the proceeds of drug transactions, conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana.   <u>See Superseding Indictment</u> (Doc. #78).   On March 18, 2015, defendant pled guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).   <u>Plea Agreement</u> (Doc. #204).   On April 23, 2015, the Court sentenced defendant to

240 months.

Defendant appealed.  On August 31, 2015, the Tenth Circuit granted the government's motion to enforce the appeal waiver in the plea agreement and dismissed the appeal.  See Order And Judgment (Doc. #254).

On September 24, 2015, defendant filed a pro se motion to vacate her sentence under 28 U.S.C. § 2255.  See Motion Under 28 U.S.C. § 2255 (Doc. #255).  The Court subsequently granted defendant leave to file an amended Section 2255 motion which asserted a single claim that counsel provided ineffective assistance.  See Amended Motion To Vacate, Set Aside Or Correct A Sentence Under 28 U.S.C. § 2255 (Doc. #312).  On August 30, 2017, the Court overruled defendant's motion to vacate.  See Memorandum And Order (Doc. #339).  Defendant did not appeal.

On September 3, 2019, defendant filed a second Section 2255 motion which asserted that the government violated her Sixth Amendment right to speak confidentially with counsel free from government interference.  See Motion Under 28 U.S.C. § 2255 (Doc. #354) at 4.  On November 21, 2019, the Court dismissed defendant's motion for lack of jurisdiction.  See Memorandum And Order (Doc. #363).  Defendant appealed and that appeal remains pending. See Tenth Circuit No. 19-3268.

On December 6, 2019, defendant filed a Petition For Writ Of Audita Querela Or Other Appropriate Relief Pursuant To The All Writs Act (Doc. #366), which asserted a Sixth Amendment claim that was substantially similar to the claim that she had raised in her second Section 2255 motion.  Because of defendant's pending appeal of the Court's ruling on her second Section 2255 motion, the Court stayed consideration of defendant's petition for a writ of audita

querela.   See Memorandum And Order (Doc. #374) filed February 5, 2020.

Defendant is currently confined at FMC Carswell, a federal medical center in Fort Worth, Texas.   Defendant's present motion seeks compassionate release because of the Coronavirus Disease-2019 ("COVID-19") pandemic that potentially "will kill many inmates due to their close quarters."   Motion For Sentence Reduction (Doc. #375) at 4.   Defendant asserts that even before the current pandemic, she had difficulty accessing medical care at FMC Carswell to treat numerous ailments.   Defendant states that she suffers from pernicious anemia, high blood pressure, depression, anxiety, post-traumatic stress disorder, borderline personality disorder, three ovarian tumors and is waiting treatment for "hernia mesh removal that is cutting lesions into her liver." Id. at 5.   Defendant asserts that based on the close quarters at FMC Carswell, she is at high risk of contracting COVID-19 and suffering undue harm or death.   Id. at 2.

### Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.   See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).   Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   18 U.S.C. § 3582(c). [1]   Defendant seeks

---

[1]        Section 3582(c) states as follows:

**(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that—

(continued …)

-3-

compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) or, alternatively, home confinement

under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. Law 116-

---

[1](…continued)

(1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

        (i) extraordinary and compelling reasons warrant such a reduction; or
        (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

        and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

    (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

136 (enacted March 27, 2020).   For reasons stated below, the Court lacks jurisdiction to grant relief under either statutory authority.

## I.      Jurisdiction To Grant Relief Under 18 U.S.C. § 3582(c)(1)(A)(i)

Under the First Step Act of 2018, Pub. Law 115-391 (S. 756), 132 Stat. 5194 (enacted Dec. 21, 2018), after considering the factors set forth in section 3553(a) to the extent that they apply, the Court may order compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).   The Court may entertain requests for compassionate release only upon a motion of the Bureau of Prisons ("BOP"), however, or of defendant after defendant "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   18 U.S.C. § 3582(c)(1)(A).

Initially, the Court examines whether the foregoing exhaustion requirement is jurisdictional or merely a claims-processing rule.   See Henderson v. Shinseki, 562 U.S. 428, 435 (2011) (stressing distinction between jurisdictional prescriptions and nonjurisdictional claim-processing rules, which "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times").   Absent clear congressional intent that a prescription is jurisdictional, "courts should treat the restriction as nonjurisdictional in character."   Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843, 1850 (2019) (quotation marks and citation omitted).   To determine congressional intent, the Court examines the "text, context, and relevant historical treatment" of the statutory provision.     Musacchio v. United States, 136 S. Ct. 709, 717 (2016) (quoting Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166 (2010)).

The Tenth Circuit has not addressed whether the administrative exhaustion requirement

under Section 3582(c)(1)(A), which Congress added in 2018, is jurisdictional.   Even so, the "text, context, and relevant historical treatment" of Section 3582(c)'s various subsections suggest that Congress intended that courts treat the exhaustion requirement as jurisdictional.   Before identifying certain exceptions, Section 3582(c) starts with an initial presumption that a "court may not modify a term of imprisonment once it has been imposed."   18 U.S.C. § 3582(c).   As a textual matter, the provisions of Section 3582(c) operate as a "clear and mandatory restriction on a court's authority."   United States v. Spaulding, 802 F.3d 1110, 1122 (10th Cir. 2015) (quoting United States v. McGaughy, 670 F.3d 1149, 1158 (10th Cir. 2012) (further citations omitted)).   In other words, the statute "speak[s] to the power of the court rather than to the rights or obligations of the parties," which suggests that its administrative exhaustion requirement is jurisdictional.   Landgraf v. USI Film Prods., 511 U.S. 244, 274 (1994) (quotation marks and citation omitted); see Spaulding, 802 F.3d at 1124 (Section 3582(c) is jurisdictional limitation on ability of district courts to alter sentence of imprisonment).

In the context of motions under subsections of Section 3582(c) other than subsection (c)(1)(A), the Tenth Circuit has held that defendant's eligibility for a sentence reduction is jurisdictional.   See United States v. White, 765 F.3d 1240, 1250 (10th Cir. 2014) (if defendant ineligible under Section 3582(c)(2), dismissal for lack of jurisdiction appropriate); McGaughy, 670 F.3d at 1158 (Rule 35(a)'s 14-day time limit, which Section 3582(c)(1)(B) incorporates by reference, is jurisdictional limitation).   Unlike the other subsections, a defendant's eligibility for relief under subsection (c)(1)(A) includes a requirement that defendant exhaust administrative remedies.   Even so, for determining whether the administrative exhaustion requirement of subsection (c)(1)(A) is jurisdictional, the Court sees no reason to treat that subsection's

requirements any differently.   Based on the "text, context, and relevant historical treatment" of Section 3582(c), the Court treats as jurisdictional the administrative exhaustion requirement in subsection (c)(1)(A).   Musacchio v. United States, 136 S. Ct. at 717; see United States v. Boyles, No. 18-20092-JAR, 2020 WL 1819887, at *2–3 (D. Kan. Apr. 10, 2020) (Section 3582(c)(1)(A) exhaustion requirement jurisdictional); United States v. Johnson, No. CR-RDB-14-0441, 2020 WL 1663360, at *4 (D. Md. Apr. 3, 2020) (same); United States v. Perry, No. 18-CR-00480-PAB, 2020 WL 1676773, at *1 (D. Colo. Apr. 3, 2020) (same); United States v. Keith, 2019 WL 6617403, at *1 (W.D. Okla. Dec. 5, 2019) (same).

Defendant has not alleged that she exhausted administrative remedies or that 30 days has elapsed since she submitted a request for relief to the warden at FMC Carswell.   Citing United States v. Resnick, No. 14-CR-810-CM, 2020 WL 1651508 (S.D.N.Y. Apr. 2, 2020), defendant argues that the Court has jurisdiction to order immediate release due to the COVID-19 pandemic. See Motion For Sentence Reduction (Doc. #375) at 3.   In Resnick, however, the district court held that defendant had filed his request with the warden more than 30 days before he filed a motion for compassionate release.   See Resnick, 2020 WL 1651508, at *6.   Because defendant has not shown that she has exhausted administrative rights or that 30 days have passed since the warden received her request, the Court lacks jurisdiction to hear her request under Section 3582(c)(1)(A).

Even if the Court construed the administrative exhaustion requirement of Section 3582(c)(1)(A) as a claims-processing rule rather than a jurisdictional limitation, the statutory rule would still bar defendant's motion at this time.   Where the government timely raises a mandatory claims-processing rule, the Court must enforce it.   See Eberhart v. United States, 546 U.S. 12, 19 (2005) (deadline in Fed. R. Crim. P. 33 for new trial motions not jurisdictional, but

inflexible and assures relief to party properly raising it).

Plaintiff states that "administrative remedies do not have to be completely fulfilled due to this emergency." Motion For Sentence Reduction (Doc. #375) at 1. In contrast with judicially created exhaustion requirements, however, the Court lacks discretion to excuse defendant's failure to comply with a mandatory statutory requirement to exhaust remedies. Malouf v. Sec. & Exch. Comm'n, 933 F.3d 1248, 1256 (10th Cir. 2019), cert. denied, 2020 WL 1124531 (U.S. Mar. 9, 2020); see Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (exhaustion statutes like Prison Litigation Reform Act of 1995 establish mandatory exhaustion regimes, foreclosing judicial discretion). The COVID-19 pandemic is no exception. See United States v. Raia, __ F.3d __, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) (despite COVID-19 pandemic, failure to exhaust presents "glaring roadblock" foreclosing compassionate release at this point); United States v. Feiling, No. 19-CR-112-DJN, 2020 WL 1821457, at *5 (E.D. Va. Apr. 10, 2020) (mere existence of COVID-19 among prison population and inmate's susceptibility to it do not justify waiver of exhaustion requirement); United States v. Epstein, No. CR 14-287-FLW, 2020 WL 1808616, at *5 (D.N.J. Apr. 9, 2020) (despite danger posed by COVID-19 pandemic, district court cannot waive exhaustion requirement).

Whether the exhaustion requirement is jurisdictional or a claims-processing rule, sound policy reasons support the requirement that defendant must first present to the BOP her request for a reduced sentence. The exhaustion requirement helps prevent premature claims and ensures that the agency possessed with the most expertise be given first shot at resolving defendant's request. See Forest Guardians v. U.S. Forest Serv., 641 F.3d 423, 431 (10th Cir. 2011). Because defendant is in BOP custody, the BOP is in a better position to initially determine defendant's medical needs,

the specific risk of COVID-19 to her and the inmates generally at FMC Carswell, the risk to the public if she is released and whether her release plan is adequate.  See Epstein, 2020 WL 1808616, at *4.  Likewise, the BOP is in a better position to coordinate any request for relief under Section 3582(c)(1)(A) with the exercise of its discretion to place a prisoner in home confinement under Section 3624(c)(2).

In sum, because defendant has not shown that she has exhausted all administrative rights or that 30 days have passed since the warden received her request, the Court lacks jurisdiction under Section 3582(c)(1)(A).

## II.    Jurisdiction Under The CARES Act

In the alternative, defendant asks the Court to order home confinement under the recently-enacted CARES Act.  The Director of the BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months," 18 U.S.C. § 3624(c)(2).  Under the CARES Act, enacted on March 27, 2020, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2).  Pub. L. 116-136, § 12003(b)(2).  On April 3, 2020, the Attorney General declared that because of COVID-19, "emergency conditions are materially affecting the functioning" of the BOP so that the BOP director now has authority to grant home confinement to a larger grouper of prisoners.  See Memorandum from Attorney Gen. William Barr to Dir. of Bureau of Prisons, Apr. 3, 2020, https://www.justice.gov/file/1266661/download.

The BOP designates the place of defendant's imprisonment.  See 18 U.S.C. § 3621(b). The Court does not have authority to dictate placements to the BOP.  See United States v. Cosby,

-9-

180 F. App'x 13, 13 (10th Cir. 2006).   While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.   See United States v. Engleson, No. 13-CR-340-3(RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP).

## III.    Conclusion

The Court acknowledges inmate concerns about the risks of exposure to COVID-19 during this pandemic—especially for those inmates, such as defendant, who may be at higher risk of infection.   At the same time, the BOP currently is engaged in a number of targeted efforts to reduce the risk of exposure to inmates and maximize the use of home confinement at affected facilities.   See Attorney General Memo Dated April 2, 2020 at 1–3.   In particular, the Attorney General has directed BOP to review "all at-risk inmates" for relief under the CARES Act, but to give priority to the most vulnerable inmates at the most affected facilities.   Id. at 1–2.   The Attorney General has directed BOP to implement the measures as quickly as possible while making careful, individualized determinations as to each inmate.   See id. at 3.   After the BOP has done so or within 30 days of defendant's request, defendant can renew her request for relief under Section 3582(c)(1)(A).

**IT IS THEREFORE ORDERED** that defendant's Motion For Sentence Reduction Under [18 U.S.C. §]3582(C)(1)(A)(i) And Emergency Release Due To The Coronavirus (Doc. #375) filed April 10, 2020 is **DISMISSED without prejudice for lack of jurisdiction**.

Dated this 16th day of April, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge