IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20099-01-KHV |
| MENDY READ-FORBES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On April 23, 2015, the Court sentenced defendant to 240 months in prison. On April 16, 2020, for lack of jurisdiction, the Court dismissed defendant's Motion For Sentence Reduction Under [18 U.S.C. Section] 3582(C)(1)(A)(i) And Emergency Release Due To The Coronavirus (Doc. #375) filed April 10, 2020. See Memorandum And Order (Doc. #378). This matter is before the Court on defendant's Motion To Grant Movant's Emergency Motion Under [Sections] 3582 [And] 3553(a) And The Coronavirus Aid Relief And Economic Security Act (Doc. #380) filed April 24, 2020 and Movant's Reply To Government's Response To Defendant's Motion For Compassionate Release Under The First Step Act (Doc. #382) filed April 24, 2020, which the Court construes as a motion to reconsider the Court's Memorandum And Order (Doc. #378). For reasons stated below, the Court overrules defendant's motions.

Defendant asks the Court to grant her Motion For Sentence Reduction (Doc. #375). See Motion To Grant Movant's Emergency Motion (Doc. #380). When defendant mailed the instant motion on April 20, she apparently had not yet received a copy of the Court's Memorandum And Order (Doc. #378) filed April 16, 2020, which overruled her motion to reduce sentence. Accordingly, the Court overrules defendant's motion to grant the motion to reduce sentence as

moot.

Defendant also asks the Court to reconsider its ruling on her Motion For Sentence Reduction (Doc. #375). Defendant has not shown a sufficient basis for the Court to reconsider its prior ruling. See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (court may reconsider decision based on intervening change in controlling law, availability of new evidence or need to correct clear error or prevent manifest injustice). As explained in the prior order, defendant has not shown that she has exhausted administrative remedies or that 30 days have passed since the warden received her request. See Memorandum And Order (Doc. #378) at 5–9. The Court therefore lacks jurisdiction under Section 3582(c)(1)(A). See id. Defendant argues that she gave the warden her request on March 25, 2020. See Movant's Reply To Government's Response To Defendant's Motion For Compassionate Release Under The First Step Act (Doc. #382) filed April 24, 2020 at 2, 4. Even so, the warden's response was not due until April 24, 2020. Because plaintiff filed her motion to reduce sentence on April 10, some 14 days before the warden's response was due, she has not satisfied the jurisdictional requirement under Section 3582(c)(1)(A). As to defendant's alternative request for relief under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. Law 116-136 (enacted March 27, 2020), the Court lacks jurisdiction to order home detention under this provision. See id. at 9–10.

**IT IS THEREFORE ORDERED** that defendant's Motion To Grant Movant's Emergency Motion Under [Sections] 3582, 3588(a) And The Coronavirus Aid Relief And Economic Security Act (Doc. #380) filed April 24, 2020 is **OVERRULED as moot**.

**IT IS FURTHER ORDERED** that Movant's Reply To Government's Response To Defendant's Motion For Compassionate Release Under The First Step Act (Doc. #382) filed

April 24, 2020, which the Court construes as a motion to reconsider the Court's <u>Memorandum And Order</u> (Doc. #378), is **OVERRULED**.

Dated this 28th day of April, 2020 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge