IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20099-01-KHV |
| MENDY READ-FORBES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On April 23, 2015, the Court sentenced defendant to 240 months in prison. On April 16, 2020, for lack of jurisdiction, the Court dismissed defendant's Motion For Sentence Reduction Under [18 U.S.C. Section] 3582(c)(1)(A)(i) And Emergency Release Due To The Coronavirus (Doc. #375) filed April 10, 2020. See Memorandum And Order (Doc. #378). On April 28, 2020, the Court overruled defendant's Motion To Grant Movant's Emergency Motion Under [Sections] 3582 [And] 3553(a) And The Coronavirus Aid Relief And Economic Security Act (Doc. #380) and Movant's Reply To Government's Response To Defendant's Motion For Compassionate Release Under The First Step Act (Doc. #382), which the Court construed as a motion to reconsider the Court's Memorandum And Order (Doc. #378). See Memorandum And Order (Doc. #383). This matter is before the Court on defendant's Addendum To Movant's Coronavirus Motion Under [Section] 3582 And Update (Doc. #386) filed May 1, 2020, which the Court construes as a renewed motion for release under 18 U.S.C. § 3582(c)(1)(A). For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.[1]

---

[1] On May 4, 2020, defendant filed an Emergency [Request For] Reconsideration And Request To Renew Motion For Sentencing Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) And
(continued . . .)

**Factual Background**

Defendant is currently confined at FMC Carswell, a Bureau of Prisons ("BOP") facility in Fort Worth, Texas.   FMC Carswell houses 1,224 inmates.   As of May 25, 2020, two inmates and no staff members at FMC Carswell had tested positive for COVID-19.   See BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (accessed May 26, 2020).   One of the inmates who contracted COVID-19 died while the other inmate has recovered.   See id.

Defendant asserts that even before the current pandemic, she had difficulty accessing medical care at FMC Carswell.   Defendant states that she suffers from pernicious anemia, primary pulmonary hypertension, high blood pressure, depression, anxiety, post-traumatic stress disorder, borderline personality disorder, three ovarian tumors and that she is waiting treatment for "hernia mesh removal that is cutting lesions into her liver."   Motion For Sentence Reduction (Doc. #375) at 5; see Emergency [Request For] Reconsideration And Request To Renew Motion For Sentencing Reduction (Doc. #390) at 3; Defendant's Reply To Government's Response To Defendant's Second Motion For Compassionate Release Under The First Step Act (Doc. #392) filed May 13, 2020 at 1–2.   Defendant asserts that based on the close quarters at FMC Carswell, she is at high risk of contracting COVID-19 and suffering undue harm or death.

---

¹(. . . continued)
Emergency Release Due To The Coronovirus & Extraordinary/Compelling Reasons (Doc. #390). Because the Court construes defendant's Addendum (Doc. #386), which she filed three days earlier, as a renewed motion for release under 18 U.S.C. § 3582(c)(1)(A), it overrules as moot defendant's subsequent motion to renew her motion.  Likewise, because the Court considers defendant's renewed motion for release, her motion to reconsider the ruling on her prior motion for release is moot.   Even so, the Court considers defendant's subsequent motion (Doc. #390) as an additional memorandum in support of her renewed motion for release.

**Analysis**

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). Defendant seeks compassionate release under Section 3582(c)(1)(A) based on the COVID-19 pandemic.[2]

Under the First Step Act of 2018, Pub. Law 115-391 (S. 756), 132 Stat. 5194 (enacted Dec. 21, 2018), the Court may order compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The Court may entertain requests for compassionate release only upon a motion of the BOP, however, or of defendant after defendant "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

---

[2] Defendant also raises various allegations related to inadequate medical treatment that is not directly related to COVID-19. See, e.g., Emergency [Request For] Reconsideration And Request To Renew Motion For Sentencing Reduction (Doc. #390) at 3 (defendant alleges that in January of 2020, because of untreated medical issues, she passed out face first on the concrete); Exhibits (Doc. #393) filed May 21, 2020 at 1 (defendant alleges that until February of 2016, FCI Waseca personnel failed to inform her that she had pre-cancerous growths). The BOP's purported conduct related to defendant's medical treatment before the COVID-19 pandemic does not constitute an extraordinary or compelling reason to release defendant. To the extent defendant seeks relief for the purported conduct, she apparently would have to file a challenge to the execution of her sentence under 28 U.S.C. § 2241 or the conditions of her confinement under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The government does not dispute that on March 25, 2020, defendant submitted a request for compassionate release to the warden at FMC Carswell and he has not responded to her request. Therefore, defendant has satisfied the statutory prerequisite to filing a motion for compassionate release.

Under the compassionate release statute, after considering the applicable factors set forth in Section 3553(a), the Court may grant relief if defendant establishes that (1) "extraordinary and compelling reasons" warrant a reduced sentence and (2) a reduced sentence is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Congress specifically authorized the Sentencing Commission to issue policy statements defining "what should be considered extraordinary and compelling reasons for [a] sentence reduction, including the criteria to be applied." United States v. Saldana, No. 19-7057, 2020 WL 1486892, at *2 (10th Cir. Mar. 26, 2020) (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) as determined by the Director of the BOP, an "extraordinary and compelling reason other than, or in combination with," the first three categories. U.S.S.G. § 1B1.13 cmt. n.1 (Nov. 1, 2018).[3] Even though in December of 2018, the First Step Act amended

---

[3] Application Note 1 provides as follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(continued . . .)

Section 3582(c)(1)(A) to permit defendants (rather than only the BOP) to file motions for compassionate release, the Sentencing Commission's policy statement, which was effective

---

³(. . . continued)

    (A) <u>Medical Condition of the Defendant</u>.—
       (i) The defendant is suffering from a terminal illness (<u>i.e.</u>, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (<u>i.e.</u>, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

       (ii) The defendant is—
         (I) suffering from a serious physical or medical condition,
         (II) suffering from a serious functional or cognitive impairment, or
         (III) experiencing deteriorating physical or mental health because of the aging process,
    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) <u>Age of the Defendant</u>.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) <u>Family Circumstances</u>.
       (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
       (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) <u>Other Reasons</u>.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1 (Nov. 1, 2018).

November 1, 2018, remains the relevant policy statement in determining whether "extraordinary and compelling reasons" warrant a defendant's release.  See Saldana, 2020 WL 1486892, at *2 (applying policy statement effective November 1, 2018 to defense motion under Section 3582(c)(1)(A)).

Here, defendant seeks compassionate release based on her medical condition and the COVID-19 pandemic.  Under the policy statement, defendant may establish "extraordinary and compelling reasons" based on a medical condition that is (1) a terminal illness or (2) a serious physical or medical condition, a serious functional or cognitive impairment or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 cmt. n.1(A).  In addition, as determined by the Director of the BOP, release may be appropriate based on other "extraordinary and compelling reason[s]," by themselves, or in combination with defendant's medical condition, age and family circumstances.  U.S.S.G. § 1B1.13 cmt. n.1(D).  To determine whether defendant's case presents other extraordinary and compelling reasons for release, the BOP has identified several "nonexclusive factors" to consider: defendant's criminal and personal history, nature of her offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans and whether release would "minimize the severity of the offense."  Saldana, 2020 WL 1486892, at 2 (quoting BOP Program Statement 5050.50 at 12 (2019)).

Defendant has not alleged that her *current* medical condition, by itself, satisfies the policy statement for release based on a medical condition.   Instead, she asserts that her medical condition

combined with the risk of contracting COVID-19 constitute extraordinary and compelling reasons for release.  Defendant suffers from pernicious anemia and pulmonary hypertension, which apparently place her at a higher risk than the general population to contract COVID-19 and for severe illness or death if she contracts it.[4]  On the present record, however, defendant has not shown that compared to her proposed placement with her father in Missouri, she faces a heightened or imminent risk of exposure to COVID-19 at FMC Carswell.  See United States v. Wright, No. CR TDC-17-0388, 2020 WL 2571198, at *3 (D. Md. May 21, 2020) (inmate must show imminent risk of exposure to COVID-19 and high risk for death or serious illness should he or she contract COVID-19 based on age, medical conditions or other factors).

COVID-19 certainly presents a challenge in the prison setting, where inmates generally live in close quarters.  Defendant cites examples of COVID-19 outbreaks at other facilities, but only two of 1,224 inmates at FMC Carswell have contracted COVID-19.  The risk that COVID-19 may spread to FMC Carswell alone cannot "justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  In addition, defendant is in a prison which houses inmates with medical needs, which suggests that at FMC Carswell, the BOP likely is better equipped to prevent an outbreak or to contain one than at a non-medical BOP facility.  See United States v. Winner, No. CR 117-034, 2020 WL 2124594, at *3 (S.D. Ga. Apr. 24, 2020) (FMC Carswell presumably better equipped than most to deal with potential onset

---

[4]  As noted above, defendant suffers from a number of other medical conditions.  She has not shown that these other conditions place her at a higher risk of contracting COVID-19 or suffering a serious illness if she does so.

of COVID-19).

In sum, defendant's medical condition and the ongoing COVID-19 pandemic are not "extraordinary and compelling" reasons that warrant her release under Section 3582(c)(1)(A).[5] Therefore, the Court dismisses defendant's motion for release for lack of jurisdiction. See Saldana, 2020 WL 1486892, at *2, *4 (because district court found that defendant had not established "extraordinary and compelling reasons" for reduced sentence, it should have dismissed motion for lack of jurisdiction).

**IT IS THEREFORE ORDERED** that defendant's Addendum To Movant's Coronavirus Motion Under [Section] 3582 And Update (Doc. #386) filed May 1, 2020, which the Court construes as a renewed motion for release under 18 U.S.C. § 3582(c)(1)(A), is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that defendant's Emergency [Request For] Reconsideration And Request To Renew Motion For Sentencing Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) And Emergency Release Due To The Coronovirus & Extraordinary/Compelling Reasons (Doc. #390) filed May 4, 2020 is **OVERRULED as moot**.

---

[5] Defendant also suggests that the government's alleged violation of her Sixth Amendment right to speak confidentially with counsel free from government interference is an "extraordinary and compelling reason" for her release. See Emergency [Request For] Reconsideration And Request To Renew Motion For Sentencing Reduction (Doc. #390) at 6–11. The government's alleged conduct, either by itself or in combination with the factors discussed above, does not constitute an extraordinary or compelling reason to release defendant under Section 3582(c)(1)(A). On December 6, 2019, defendant filed a Petition For Writ Of Audita Querela Or Other Appropriate Relief Pursuant To The All Writs Act (Doc. #366), which alleges the same conduct in the context of a Sixth Amendment claim. The Court will address defendant's petition in a separate order.

Dated this 28th day of May, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge