### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20099-01-KHV |
| MENDY READ-FORBES, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### MEMORANDUM AND ORDER

On April 23, 2015, the Court sentenced defendant to 240 months in prison and ordered her to pay restitution of $370,003.70. This matter is before the Court on defendant's Motion To Stay Restitution (Doc. #379) filed April 20, 2020. For reasons stated below, the Court dismisses defendant's motion.

### Factual Background

The Court ordered defendant, jointly and severally with Brian Forbes, to pay $370,003.70 in restitution. See Judgment In A Criminal Case (Doc. #215) filed April 27, 2015 at 6. The current balance on the restitution order is $297,958.26. See Objection Of The United States To Defendant Mendy Read-Forbes' Motion To Stay Restitution (Doc. #395) filed May 26, 2020 at 2. While in prison, defendant must pay ten percent of the funds deposited each month into her inmate trust fund account, which the Bureau of Prisons ("BOP") administers. See Judgment In A Criminal Case (Doc. #215) at 6. BOP currently remits from defendant's account approximately $35.00 per month to satisfy her restitution obligation. See Objection Of The United States (Doc. #395) at 2.

On April 20, 2020, defendant filed the instant motion which seeks a stay of restitution

payments until January of 2021 to "provide for recovery from the [COVID-19] pandemic." Motion To Stay Restitution (Doc. #379) at 1.  Defendant explains that due to the pandemic, the individuals who fund her inmate account are unemployed.  In April and May of 2020, the Court denied defendant's multiple requests for compassionate release because of the COVID-19 pandemic.  See Memorandum And Order (Doc. #396) filed May 28, 2020; Memorandum And Order (Doc. #383) filed April 28, 2020; Memorandum And Order (Doc. #378) filed April 16, 2020.

## **Analysis**

Defendant asks for a stay of restitution payments until January of 2021 because the individuals who fund her inmate account are unemployed.  Motion To Stay Restitution (Doc. #379) at 1.  Defendant does not state the jurisdictional basis for her motion.[1]  Even so, the Court liberally construes her request as one under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A–64.

Under the MVRA, the Court may adjust defendant's payment schedule in the interest of justice upon a showing of a material change in financial circumstances.  See 18 U.S.C. § 3664(k).  Defendant has the burden to show that financial circumstances have changed enough to warrant modification of her restitution obligation.  See United States v. Hill, 205 F.3d 1342, 1999 WL 801543, at *1 (6th Cir. Sept. 28, 1999) (defendant bears burden to prove by preponderance of

---

[1] To the extent defendant argues that the BOP has failed to modify her Inmate Financial Responsibility Plan, she must first seek such a modification from the BOP.  After defendant exhausts administrative remedies, see 28 C.F.R. §§ 542.10–542.15, she potentially could challenge a BOP decision in a petition under 28 U.S.C. § 2241 in the district of her confinement.  See United States v. Diggs, 578 F.3d 318, 319–20 (5th Cir. 2009).

evidence "material change" in economic circumstances) (quoting 18 U.S.C. § 3664(k)); United States v. Broadus, No. 3:10-CR-183-B, 2014 WL 4060048, at *1 (N.D. Tex. Aug. 15, 2014) (defendant bears burden to prove that circumstances have changed enough to warrant modification). Before the Court modifies a restitution obligation, the government must notify the victims. 18 U.S.C. § 3664(k). Moreover, the Court does not have authority to resentence defendant or otherwise reduce the total restitution amount. See United States v. Wyss, 744 F.3d 1214, 1219 (10th Cir. 2014); United States v. Akers, No. 04-20089-01-KHV, 2016 WL 3014955, at *2 (D. Kan. May 26, 2016).

Defendant seeks a stay of her restitution payments because the individuals who fund her inmate account are unemployed. Defendant does not state the amount of monthly support from such individuals. In any event, because her restitution obligation is a small percentage of any monthly support, she has not shown that the decrease in any such deposits is material. Because defendant has not shown a material change in her financial circumstances, the Court lacks jurisdiction to grant relief under Section 3664(k). See United States v. Rainey, 794 F. App'x 728, 732 (10th Cir. 2019).

**IT IS THEREFORE ORDERED** that defendant's Motion To Stay Restitution (Doc. #379) filed April 20, 2020 is **DISMISSED**.

Dated this 6th day of July, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge