IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 12-20099-01-KHV |
| | ) | |
| MENDY READ-FORBES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On April 23, 2015, the Court sentenced defendant to 240 months in prison. On July 6, 2020, defendant filed a motion for compassionate release. See Movant's Emergency Motion Due To COVID Due To Emergency Lockdown And Outbreak At FMC Carswell Under [Section] 3582(c) (Doc. #404). This matter is before the Court on the government's Motion For Leave To File Sealed Exhibits In Support Of The Government's Response (Doc. #415) filed July 27, 2020. For reasons stated below, the Court overrules the government's motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461-62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the strong presumption of

public access must show that "countervailing interests heavily outweigh" the public interest in access to court proceedings and documents.  United States v. Bacon, 950 F.3d 1286, 1293 (10th Cir. 2020) (quoting Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012)) (internal quotation marks and citation omitted).   To do so, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Colony Ins., 698 F.3d at 1241; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

The government asks the Court to file under seal defendant's medical and disciplinary records, but it does not explain specifically how any interest in non-disclosure of the information "heavily outweighs" the public interest in open courts, or why redaction of sensitive materials and personal identifying information would not protect any privacy interests.  Bacon, 950 F.3d at 1293; see Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).  Defendant, whom the Court sentenced to 240 months in prison, has filed a motion for release based on her medical condition and the COVID-19 pandemic, so the public has a particular interest in what information the Court relies on in resolving her motion.  See United States v. Dunlap, No. 1:02CR165-1, 2020 WL 2062311, at *4 (M.D.N.C. Apr. 29, 2020) (denying motion to seal medical records because defendant put medical condition at issue in seeking compassionate release); see also United States v. Kischnick, No. CR 18-20469, 2020 WL 3172634, at *2 (E.D. Mich. June 15, 2020) (defendant put medical conditions and mental health treatment at issue in seeking release; sealing his motion would deprive public of its interest in ascertaining information, evidence and documents on which court relied).   The Court's

constitutional duties do not include asserting arguments for sealing records or ferreting out authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against defendant's interest in non-disclosure.  The Court therefore overrules the government's motion to seal.

**IT IS THEREFORE ORDERED** that the government's <u>Motion For Leave To File Sealed Exhibits In Support Of The Government's Response</u> (Doc. #415) filed July 27, 2020 is **OVERRULED**.  **The Clerk is directed to unseal and file the documents attached to the government's <u>Motion For Leave To File Sealed Exhibits In Support Of The Government's Response</u> (Doc. #415).**

Dated this 11th day of August, 2020 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge