## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 12-20099-01-KHV** |
| MENDY READ-FORBES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On April 23, 2015, the Court sentenced defendant to 240 months in prison.  On May 28, 2020, the Court dismissed defendant's Addendum To Movant's Coronavirus Motion Under [Section] 3582 And Update (Doc. #386) filed May 1, 2020, which the Court construed as a renewed motion for release under 18 U.S.C. § 3582(c)(1)(A).  See Memorandum And Order (Doc. #396).  Defendant appealed.  This matter is before the Court on Movant's Emergency Motion Due To COVID Due To Emergency Lockdown And Outbreak At FMC Carswell Under [Section] 3582(c)(A)(1)(i) (Renewal) (Doc. #404) filed July 6, 2020 and defendant's Motion To Appoint Attorney To Represent Read-Forbes For An Emergency [Section] 3582 Compassionate Release Hearing (Doc. #416) filed July 30, 2020.   On July 21, 2020, pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant.  For reasons stated below, the Court dismisses defendant's Section 3582 motion for lack of jurisdiction and overrules her motion to appoint counsel.

## Factual Background

On April 16, 2020, for lack of jurisdiction, the Court dismissed defendant's Motion For

Sentence Reduction Under [18 U.S.C. Section] 3582(c)(1)(A)(i) And Emergency Release Due To The Coronavirus (Doc. #375) filed April 10, 2020.   See Memorandum And Order (Doc. #378). On April 28, 2020, the Court overruled defendant's Motion To Grant Movant's Emergency Motion Under [Sections] 3582 [And] 3553(a) And The Coronavirus Aid Relief And Economic Security Act (Doc. #380) and Movant's Reply To Government's Response To Defendant's Motion For Compassionate Release Under The First Step Act (Doc. #382), which the Court construed as a motion to reconsider the Court's Memorandum And Order (Doc. #378).   See Memorandum And Order (Doc. #383).   On May 28, 2020, the Court dismissed defendant's Addendum To Movant's Coronavirus Motion Under [Section] 3582 And Update (Doc. #386), which the Court construed as a renewed motion for release under 18 U.S.C. § 3582(c)(1)(A).   See Memorandum And Order (Doc. #396).   On June 1, 2020, defendant appealed.

Defendant is currently confined at FMC Carswell, a Bureau of Prisons ("BOP") facility in Fort Worth, Texas.   FMC Carswell houses 1,224 inmates.   As of August 13, 2020, 547 inmates and three staff members at FMC Carswell had tested positive for Coronavirus Disease-2019 ("COVID-19").   See BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (accessed Aug. 13, 2020).   Four of the inmates who contracted COVID-19 died, while 530 of the other 543 inmates who tested positive have recovered.   See id.

Defendant states that she suffers from pernicious anemia, primary pulmonary hypertension, high blood pressure, depression, anxiety, post-traumatic stress disorder, borderline personality disorder, three ovarian tumors and that she is waiting treatment for "hernia mesh removal that is cutting lesions into her liver."   Motion For Sentence Reduction (Doc. #375) at 5; see Movant's Emergency Motion (Doc. #404) at 3; Emergency [Request For] Reconsideration And Request To

Renew Motion For Sentencing Reduction (Doc. #390) at 3; Defendant's Reply To Government's Response To Defendant's Second Motion For Compassionate Release Under The First Step Act (Doc. #392) filed May 13, 2020 at 1–2.

On July 7 and 15, 2020, defendant tested positive for COVID-19.   Defendant asserts that based on the close quarters at FMC Carswell, she is at high risk of suffering undue harm or death. Defendant renews her request for compassionate release and asks for appointment of counsel.

## Analysis

Subject to certain limited exceptions, the filing of a notice of appeal divests a district court of jurisdiction.   See United States v. Ransom, 691 F. App'x 550, 551 (10th Cir. 2017); United States v. Prows, 448 F.3d 1223, 1228 (10th Cir. 2006); see also United States v. Madrid, 633 F.3d 1222, 1226 (10th Cir. 2011) (filing of notice of appeal typically event of jurisdictional significance which confers jurisdiction on court of appeals and divests district court of control over aspects of case involved in appeal).   Courts recognize several exceptions such as when the district court (1) acts in aid of the appellate court's exercise of its jurisdiction, (2) addresses matters that are not comprehended within the appeal or (3) continues full consideration of the case where it certifies that the notice of appeal is invalid or frivolous.   Madrid, 633 F.3d at 1226–27.   Defendant has not shown that any of these exceptions potentially apply in this matter.   If the Court lacks authority to grant a timely motion for relief because of a pending appeal, it may (1) defer considering the motion; (2) deny the motion; or (3) state that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.   Fed. R. Crim. P. 37(a). For reasons stated below, the Court overrules defendant's motion to appoint counsel and dismisses her motion for compassionate release.

-3-

## I.      Motion To Appoint Counsel

Defendant asks the Court to appoint counsel to assist her with an emergency request for compassionate release.   As noted above, pursuant to District of Kansas Standing Order No. 20-8, the FPD declined to enter an appearance or seek representation for defendant from other appointed counsel.   Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion.   See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); see also United States v. Campos, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion).   In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved.   See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Applying these factors, defendant is not entitled to counsel.   As explained below, the Court declines to address the merit of defendant's claim because she has not exhausted administrative remedies.   Defendant's claim for compassionate release and the administrative exhaustion requirements are not particularly complex factually or legally, and defendant has a law degree. Defendant is able to adequately present her claim.   For these reasons, the Court overrules defendant's motion to appoint counsel.

## II.     Motion For Compassionate Release

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.   See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).   Congress has set forth only three limited circumstances in which a

court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   18 U.S.C. § 3582(c). Defendant seeks compassionate release under Section 3582(c)(1)(A) based on the COVID-19 pandemic.

Under the First Step Act of 2018, Pub. Law 115-391 (S. 756), 132 Stat. 5194 (enacted Dec. 21, 2018), the Court may order compassionate release for "extraordinary and compelling reasons."   18 U.S.C. § 3582(c)(1)(A)(i).   The Court may entertain requests for compassionate release only upon a motion of the BOP, however, or of defendant after defendant "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   18 U.S.C. § 3582(c)(1)(A).

Defendant states that she previously established that she had exhausted administrative remedies.   In a prior order, the Court recognized that on March 25, 2020, defendant submitted a request for compassionate release to the warden and that he did not respond within 30 days.   See Memorandum And Order (Doc. #396) at 4.   Even so, the Court found that defendant had not established "exceptional and compelling reasons" to warrant release.   See id. at 6–8. Defendant's appeal of that ruling is pending.

Defendant now renews her motion under Section 3582(c)(A)(1)(i) based on changed circumstances, i.e. the outbreak of COVID-19 infections at her facility and the fact that she tested positive for COVID-19.   To file a renewed motion, however, defendant first must exhaust

administrative remedies based on the new information.  See United States v. Adkins, No. 2:10CR10-PPS, 2020 WL 4188205, at *2 (N.D. Ind. July 21, 2020) (if factual developments warrant reconsideration, defendant may exhaust administrative remedies again and file new motion under § 3582(c)(1)(A)); United States v. Polley, No. CR 18-196, 2020 WL 3574373, at *3 (E.D. Pa. June 30, 2020) (denying motion without prejudice to filing renewed motion for compassionate release "after again exhausting his administrative remedies").  The BOP, which possesses the most expertise in the area, should be given the first shot at resolving defendant's renewed request.  See Forest Guardians v. U.S. Forest Serv., 641 F.3d 423, 431 (10th Cir. 2011); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("Given BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance.").  Because defendant is in BOP custody, the BOP is in a better position to initially determine the severity of her symptoms and medical needs, the risk to the public if she is released and whether her release plan is adequate.  See United States v. Alam, 960 F.3d 831, 835 (6th Cir. 2020) (preventing prisoners seeking relief because of COVID-19 from charging straight to federal court helps prison administrators prioritize most urgent claims and ensure that they can investigate gravity of conditions supporting compassionate release and likelihood that conditions will persist); United States v. Dickson, No. 19-CR-251-17, 2020 WL 1904058, at *3 (N.D. Ohio Apr. 17, 2020) (BOP better positioned to understand inmate health and circumstances relative to entire prison population and identify extraordinary and compelling reasons for release).  Likewise, the BOP is in a better position to coordinate any request for relief under Section 3582(c)(1)(A) with the exercise of its discretion to place a prisoner in home confinement under 18 U.S.C. § 3624(c)(2).

Because defendant has not shown that she has exhausted administrative remedies on her renewed claim or that 30 days have elapsed without a response since the warden received her renewed request, the Court dismisses defendant's motion for release for lack of jurisdiction.[1]

**IT IS THEREFORE ORDERED** that Movant's Emergency Motion Due To COVID Due To Emergency Lockdown And Outbreak At FMC Carswell Under [Section] 3582(c)(A)(1)(i) (Renewal) (Doc. #404) filed July 6, 2020 is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that defendant's Motion To Appoint Attorney To Represent Read-Forbes For An Emergency [Section] 3582 Compassionate Release Hearing (Doc. #416) filed July 30, 2020 is **OVERRULED**.

**The Clerk is directed to forward a copy of this Memorandum And Order to the Tenth Circuit Court of Appeals.**

Dated this 13th day of August, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1]     The Court declines to treat defendant's renewed motion for compassionate release as a motion to reconsider because she filed it 39 days after the order denying relief was entered and after she appealed that ruling.