# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | CRIMINAL ACTION |
| v.  ) | |
| ) | No. 12-20099-01-KHV |
| MENDY READ-FORBES,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

## MEMORANDUM AND ORDER

On July 21, 2020, the Court appointed counsel to represent defendant on her <u>Petition For Writ Of Audita Querela Or Other Appropriate Relief Pursuant To The All Writs Act</u> (Doc. #366). This matter is before the Court on defendant's pro se <u>Motion To Release Movant Forbes To Home Confinement on Signature Bond Of Both Movant And Her Father Pending Sixth Amendment Violation Hearings And Release For Her Safety Due To COVID</u> (Doc. #428) filed August 18, 2020. Defendant's pro se motion seeks release so that she can better communicate with counsel about her petition for writ of audita querela outside of the restrictive prison environment. Defendant asserts that absent release, she will have difficultly communicating with counsel due to restrictions that BOP has implemented during the COVID-19 pandemic.[1]  Defendant's request for

---

[1] Defendant also refers to "extraordinary and compelling reasons" and has attached an article about compassionate release motions under 18 U.S.C. § 3582(c)(1)(A). <u>Motion To Release</u> (Doc. #428) at 5. Even so, she has not titled her motion as one for compassionate release, cited the relevant factors for such motions or addressed exhaustion of administrative remedies. The Court recently dismissed defendant's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). <u>See</u> <u>Memorandum And Order</u> (Doc. #427) filed August 13, 2020. For these reasons, the Court declines to construe defendant's present motion as one for compassionate release. Defendant should make through appointed counsel any future request for release based in whole or in part on defendant's ability to communicate with counsel about her petition for writ of audita querela.

relief falls within the scope of counsel's appointment.  The Court overrules defendant's pro se motion because appointed counsel did not sign it.  See United States v. Couch, 758 F. App'x 654, 655–56 (10th Cir. 2018) (no constitutional right to hybrid form of representation); United States v. Sandoval-DeLao, 283 F. App'x 621, 625 (10th Cir. 2008) (no error in refusal to consider pro se motion when defendant represented by counsel); United States v. Castellon, 218 F. App'x 775, 780 (10th Cir. 2007) (if criminal defendant represented by counsel, court does not accept pro se filings).

**IT IS THEREFORE ORDERED** that defendant's pro se Motion To Release Movant Forbes To Home Confinement on Signature Bond Of Both Movant And Her Father Pending Sixth Amendment Violation Hearings And Release For Her Safety Due To COVID (Doc. #428) filed August 18, 2020 is **OVERRULED**.

Dated this 20th day of August, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
