**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20099-01-KHV |
| MENDY READ-FORBES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On April 23, 2015, the Court sentenced defendant to 240 months in prison. On May 28, 2020, the Court dismissed defendant's renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Memorandum And Order (Doc. #396). Defendant appealed. This matter is before the Court on defendant's Motion For Bond While Waiting For Appeals Court Decision (Doc. #441) filed November 3, 2020. For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

On April 16, 2020, for lack of jurisdiction, the Court dismissed defendant's Motion For Sentence Reduction Under [18 U.S.C. Section] 3582(c)(1)(A)(i) And Emergency Release Due To The Coronavirus (Doc. #375) filed April 10, 2020. See Memorandum And Order (Doc. #378). On May 28, 2020, the Court dismissed defendant's Addendum To Movant's Coronavirus Motion Under [Section] 3582 And Update (Doc. #386), which the Court construed as a renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Memorandum And Order (Doc. #396). The Court found that defendant's medical condition and the ongoing COVID-19 pandemic were not "extraordinary and compelling" reasons that warranted her release. See id. at

8.   On June 1, 2020, defendant appealed.   That appeal remains pending.

On August 13, 2020, for failure to exhaust administrative remedies, the Court dismissed defendant's Emergency Motion Due To COVID Due To Emergency Lockdown And Outbreak At FMC Carswell Under [Section] 3582(c)(A)(1)(i) (Renewal) (Doc. #404) filed July 6, 2020.  See Memorandum And Order (Doc. #427).

Defendant seeks release on bond pending her appeal.

## **Analysis**

To warrant release during a pending appeal, defendant must show (1) by clear and convincing evidence, she is "not likely to flee or pose a danger to the safety of any other person or the community if released" and (2) her appeal raises a "substantial question of law or fact" likely to produce a reversal, a new trial, a sentence with no custody component or a reduced sentence that is shorter than the anticipated life of the appeal.   18 U.S.C. § 3143(b)(1)(A), (B).   The Court addresses only the second requirement.   A "substantial question" is one of more substance than would be necessary to a finding that it was not frivolous.   United States v. Affleck, 765 F.2d 944, 952 (10th Cir. 1985).   A "substantial question" refers to a "close" question or one that "very well could be decided the other way."   Id. (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)).   The Court has reviewed the issues defendant has raised on appeal and finds that none of the issues raise a substantial question of law or fact likely to result in reversal, a new trial, a sentence with no custody component or a reduced sentence that is shorter than the anticipated life of the appeal.   18 U.S.C. § 3143(b)(1)(B).   As explained above, defendant appeals the Court's ruling that as of May 28, 2020, it lacked jurisdiction to consider her compassionate release motion because her medical condition and the ongoing COVID-19 pandemic did not constitute

"extraordinary and compelling" reasons that warrant her compassionate release.  Memorandum And Order (Doc. #396) at 8.  The Court did not address whether the applicable factors under 18 U.S.C. § 3553(a) support her release.  Accordingly, even if defendant prevails on appeal, the Tenth Circuit likely would not direct this Court to grant her release or to impose a specific sentence.  It appears more likely that if defendant prevails on appeal, the Tenth Circuit would remand for this Court to consider (1) again whether she has shown extraordinary and compelling reasons for release and (2) whether the applicable Section 3553(a) factors support a reduced sentence.

Defendant argues that release on her current appeal is appropriate because she has a meritorious claim that the government violated her Sixth Amendment rights.  See Motion For Bond While Waiting For Appeals Court Decision (Doc. #441) at 1–2.  Defendant has asserted a Sixth Amendment claim in her Petition For Writ Of Audita Querela Or Other Appropriate Relief Pursuant To The All Writs Act (Doc. #366) filed December 6, 2019, which remains pending.  On July 21, 2020, the Court appointed counsel to represent defendant on her petition.[1]  Defendant does not explain how her Sixth Amendment claim is relevant to the question whether she has raised a substantial question of law or fact on appeal of this Court's ruling involving her compassionate release motion.[2]

---

[1]   On August 20, 2020, the Court overruled defendant's pro se request for release so that she could better communicate with counsel about her petition for writ of audita querela outside of the prison environment.  See Memorandum And Order (Doc. #429).  The Court directed that "[d]efendant should make through appointed counsel any future request for release based in whole or in part on defendant's ability to communicate with counsel about her petition for writ of audita querela."  Id. at 1 n.1.

[2]   To the extent that defendant seeks release in whole or in part because of the merit of her pending Petition For Writ Of Audita Querela (Doc. #366) asserting a Sixth Amendment

(continued . . .)

Defendant also explains her current health condition and medical issues since she tested positive for COVID-19 on June 7, 2020.   See Motion For Bond While Waiting For Appeals Court Decision (Doc. #441) at 2.   Again, defendant does not explain how these facts are relevant to the question whether she has raised a substantial question of law or fact on appeal of this Court's ruling of May 28, 2020.

In sum, because defendant has not shown that her appeal raises a substantial question of law or fact likely to produce a reversal, a new trial, a sentence with no custody component or a reduced sentence that is shorter than the anticipated life of the appeal, the Court overrules defendant's motion for release.

**IT IS THEREFORE ORDERED** that defendant's Motion For Bond While Waiting For Appeals Court Decision (Doc. #441) filed November 3, 2020 is **OVERRULED**.

**The Clerk is directed to forward a copy of this Memorandum And Order to the Tenth Circuit Court of Appeals.**

Dated this 12th day of November, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

²(. . . continued) claim, she must raise that request through appointed counsel.  Even if the Court considered defendant's present pro se motion as an alternative request for release pending the ruling on her Sixth Amendment claim, the Court would deny her request because she has not shown exceptional circumstances or demonstrated a clear case on the merits of her petition.   See Pfaff v. Wells, 648 F.2d 689, 693 (10th Cir. 1981) (to warrant release pending merits determination of Section 2254 petition, prisoner must show exceptional circumstances or clear case on merits of habeas petition); see also United States v. Palermo, 191 F. App'x 812, 813 (10th Cir. 2006) (same on Section 2255 petition).