## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 12-20099-01-KHV |
| MENDY READ-FORBES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

On April 23, 2015, the Court sentenced defendant to 240 months in prison.   This matter is before the Court on defendant's Motion To Reinstate [Petition For] Writ And Reconsider Order Staying Proceedings (Doc. #468) filed January 12, 2022, defendant's pro se Motion For Modification Of Sentence Under [18 U.S.C. §] 3582(c)(1)(A) And The Compassionate Release Statute (Doc. #469) filed January 12, 2022 and defendant's pro se Motion For Appointment Of Attorney (Doc. #472) filed January 14, 2022.   For reasons stated below, the Court overrules defendant's motions.

On July 21, 2020, the Court appointed counsel to represent defendant on her Petition For Writ Of Audita Querela Or Other Appropriate Relief Pursuant To The All Writs Act (Doc. #366) filed December 6, 2019.   On October 21, 2021, defendant asked the Court to stay the deadline for her to file a reply brief in support of her petition for writ of audita querela because she had submitted a request for home confinement to the Bureau of Prisons.   Motion To Stay Proceedings (Doc. #462).   Because defendant filed her petition for writ of audita querela some two years earlier and the petition presented several complex legal and factual issues, the Court determined that updated briefing would be necessary from both parties.   Accordingly, the Court overruled

defendant's motion to stay and dismissed without prejudice her petition for writ of audita querela. See Memorandum And Order (Doc. #463) filed November 1, 2021 at 1.   On December 15, 2021, defendant filed a new pro se petition for writ of audita querela, which the Court dismissed without prejudice because the Court had appointed counsel to represent defendant on her prior petition seeking the same relief.   See Memorandum And Order (Doc. #467) filed January 5, 2022.

As explained in prior orders, based on the complexity of the issues in defendant's petition for writ of audita querela and the substantial resources that appointed counsel has expended, the Court dismissed defendant's pro se petitions without prejudice and permitted appointed counsel to file a renewed petition on defendant's behalf.   See Memorandum And Order (Doc. #467) at 1; Memorandum And Order (Doc. #465) filed November 29, 2021 at 2; Memorandum And Order (Doc. #463) at 1.   Instead of doing so, appointed counsel asks the Court to reinstate defendant's pro se petition for a writ and to stay further briefing on the petition pending the Tenth Circuit's decision in United States v. Spaeth, 10th Cir. No. 21-3096.   Because counsel has expended substantial resources to familiarize herself with the issues in defendant's pro se petition, the Court declines to reinstate defendant's pro se petition.

Separately, defendant has filed a pro se motion for compassionate release.[1]   In her pro se motion, defendant seeks release in part based on the government's recording of her attorney-client

---

[1]     Ordinarily, under District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender ("FPD") would review the pro se motion for compassionate release and determine whether to enter an appearance.   In relation to appointment of counsel on defendant's prior pro se motion for a writ of audita querela, the FPD informed the Court that it had a disqualifying conflict of interest that prevents it from representing defendant.   Because the Court already has appointed counsel for defendant on her motion for a writ of audita querela, it appoints the same counsel to file any motion for compassionate release.

phone calls—which also is the basis of her prior requests for a writ of audita querela.   Motion For Modification Of Sentence Under [18 U.S.C. §] 3582(c)(1)(A) And The Compassionate Release Statute (Doc. #469) at 15.   As the Court advised defendant earlier, to the extent that she seeks release in whole or in part because of the merit of her Sixth Amendment claim based on the recording of attorney-client phone calls, she must raise that request through appointed counsel. See Memorandum And Order (Doc. #444) filed November 16, 2020 at 1 n.1; Memorandum And Order (Doc. #442) filed November 12, 2020 at 2.   Appointed counsel can best determine the timing of any request for compassionate release and how to most effectively present defendant's Sixth Amendment claim, i.e. in a motion for compassionate release, in a motion for a writ, or in both.   Accordingly, the Court dismisses without prejudice defendant's pro se motion for compassionate release.[2]

**IT IS THEREFORE ORDERED** that defendant's Motion To Reinstate [Petition For] Writ And Reconsider Order Staying Proceedings (Doc. #468) filed January 12, 2022 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's pro se Motion For Modification Of Sentence Under [18 U.S.C. §] 3582(c)(1)(A) And The Compassionate Release Statute (Doc. #469)

---

[2]     Defendant seeks new counsel to handle both her petition for writ of audita querela and motion for compassionate release.   See Motion For Appointment Of Attorney (Doc. #472) at 2.   To warrant a substitution of counsel, defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict.   United States v. Porter, 405 F.3d 1136, 1140 (10th Cir. 2005).   Defendant argues that appointed counsel filed numerous requests for extension of time before this Court dismissed her petition.   As explained above, the Court dismissed defendant's petition without prejudice.   Defendant's mere disagreement with counsel's handling of her petition is insufficient to establish good cause.   See id.   The Court therefore overrules defendant's request for new counsel.

filed January 12, 2022 is **OVERRULED without prejudice**.

**IT IS FURTHER ORDERED** that defendant's pro se <u>Motion For Appointment Of Attorney</u> (Doc. #472) filed January 14, 2022 is **SUSTAINED**.   **The Court appoints Catherine A. Zigtema to represent defendant on any motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)**.

Dated this 18th day of January, 2022 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge