IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 12-20099-01-KHV |
| | ) | |
| MENDY READ-FORBES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On April 23, 2015, the Court sentenced defendant to 240 months in prison. On May 24, 2023, defendant filed a motion for compassionate release. See Motion For Compassionate Release Under Section 3582(c)(1)(A)(i) (Doc. #491). This matter is before the Court on the government's Request For Leave To File Attachment [To Response Brief] Under Seal (Doc. #496) filed July 24, 2023. For reasons stated below, the Court overrules the government's motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461-62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the strong presumption of public access must show that "countervailing interests heavily outweigh" the public interest in

access to court proceedings and documents.  United States v. Bacon, 950 F.3d 1286, 1293 (10th Cir. 2020) (quoting Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012)) (internal quotation marks and citation omitted).  To do so, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Colony Ins., 698 F.3d at 1241; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

The government asks the Court to file under seal defendant's medical records, but it does not explain specifically how any interest in non-disclosure of the information "heavily outweighs" the public interest in open courts, or why redaction of personal identifying information would not protect any privacy interests.[1]  Bacon, 950 F.3d at 1293; see Colony Ins., 698 F.3d at 1242

---

[1] Under the administrative procedures for the District of Kansas, the parties must redact personal data as follows:

> In accordance with Fed. R. Crim. P. 49.1, to address the privacy concerns created by Internet access to court documents, except as set forth in Fed. R. Crim. P. 49.1(b) litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the court:
>
> a. Social Security numbers: Use only the last four numbers; and
>
> b. Minors' names: Use the minors' initials; and
>
> c. Dates of birth: Use only the year; and
>
> d. Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number; and
>
> e. Home addresses: Use city and state.

District of Kansas Administrative Procedure for Filing, Signing, And Verifying Pleadings And Papers By Electronic Means, § I(2).

(denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).  Defendant, whom the Court sentenced to 240 months in prison, has filed a motion for release based in part on her medical condition, so the public has a particular interest in what information the Court relies on in resolving her motion.   The Court's constitutional duties do not include asserting arguments for sealing records or ferreting out authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against defendant's interest in non-disclosure.   The Court therefore overrules the government's motion to seal.

**IT IS THEREFORE ORDERED** that the government's Request For Leave To File Attachment [To Response Brief] Under Seal (Doc. #496) filed July 24, 2023 is **OVERRULED**. **The government may file Attachment A to the Government's Response To Defendant's Motion For Compassionate Release (Doc. #495) but shall redact personal data identifiers as required under the District's Administrative Procedure for Filing, Signing, And Verifying Pleadings And Papers By Electronic Means.**

Dated this 26th day of July, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge