IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 12-20099-01-KHV |
| MENDY READ-FORBES, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### MEMORANDUM AND ORDER

On April 23, 2015, the Court sentenced defendant to 240 months in prison. This matter is before the Court on defendant's pro se Motion For Sentence Reduction Under § 3582(c)(2) [For] Zero Criminal History Points (Doc. #510) filed October 26, 2023. On December 15, 2023, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant. For reasons stated below, the Court dismisses defendant's motion.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show she was sentenced based on a guideline range the Sentencing Commission lowered after her sentencing; (2) under the statute's "consistent with" clause, defendant must show that her request

for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that she is entitled to relief in light of the sentencing factors in Section 3553(a).  United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017).  Under Tenth Circuit precedent, the first hurdle is jurisdictional.  Id. at 1289; see United States v. Mata-Soto, No. 22-3012, 2022 WL 2128429, at *1 (10th Cir. June 14, 2022).  But cf. United States v. Hald, 8 F.4th 932, 943 (10th Cir. 2021) (noting apparent tension between C.D. and recent Supreme Court precedent), cert. denied, 142 S. Ct. 2742 (2022).

Defendant argues that she is entitled to relief under Section 3582(c)(2) because Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G.") reduces the total offense level for certain defendants with zero criminal history points.  The United States Sentencing Commission voted to apply the amendment retroactively to offenders who are currently incarcerated.  U.S.S.G. § 1B1.10(d).  Defendant has zero criminal history points.  See Presentence Investigation Report (Doc. #207) filed March 31, 2015, ¶¶ 105–06.  Defendant is not eligible for relief under Amendment 821, however, because she received an enhancement for an aggravating role.  See U.S.S.G. § 4C1.1(a)(10) (adjustment for certain zero-point offenders applies only if "defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848"); Presentence Investigation Report (Doc. #207), ¶ 96 (imposing two-level enhancement under U.S.S.G. § 3B1.1(c) because defendant was organizer, leader, manager or supervisor in criminal activity); see also United States v. Castaneda Mendez, No. 20-CR-20155-RAR, 2024 WL 216277, at *3 (S.D. Fla. Jan. 18, 2024) (plain language and context of Section 4C1.1(a)(10) properly read to exclude any defendant who *either* had aggravating role enhancement or engaged in continuing criminal enterprise); United States v. Gordon, No. 1:19-CR-00007-JAW, 2023 WL 8601494, at

*3 (D. Me. Dec. 12, 2023) (rejecting argument that defendant can satisfy Section 4C1.1(a)(10) if he did not receive an aggravating role enhancement *or* he was not engaged in continuing criminal enterprise).   Accordingly, the Court dismisses defendant's motion to reduce sentence.[1]

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Sentence Reduction Under § 3582(c)(2) [For] Zero Criminal History Points (Doc. #510) filed October 26, 2023 is **DISMISSED**.

Dated this 1st day of February, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Even if defendant could show that she is eligible for relief under Amendment 821, she has not shown that the Section 3553(a) factors warrant a reduced sentence.   Some three months ago, in ruling on defendant's motion for compassionate release, the Court held that even if defendant could somehow show extraordinary and compelling reasons for release, the Court would deny relief after considering the factors under 18 U.S.C. § 3553(a).   See Memorandum And Order (Doc. #508) filed October 20, 2023 at 16–19.   For substantially the reasons stated in the Memorandum And Order (Doc. #508) and in light of the Court's numerous findings as to defendant's lack of credibility, the factors under Section 3553(a) do not warrant a sentence below 240 months.