## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 12-20099-01-KHV |
| MENDY READ FORBES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On April 23, 2015, the Court sentenced defendant to 240 months in prison. On October 20, 2023, the Court overruled defendant's Motion For Compassionate Release Under Section 3582(c)(1)(A)(i) (Doc. #491) filed May 24, 2023 and defendant's Emergency Motion For Recusal Of Judge Vratil From Case No. 12-20099-KHV (Doc. # 500) filed August 17, 2023. This matter is before the Court on defendant's Motion For Release Pending Appeal Under § 3143 (Doc. #521) filed February 9, 2024. For reasons stated below, the Court overrules defendant's motion.

Defendant seeks release on bond pending appeal. To warrant release during a pending appeal, defendant must show (1) by clear and convincing evidence, she is not likely to flee or pose a danger to the safety of any other person or the community if released and (2) her appeal raises a "substantial question of law or fact" likely to produce a reversal, a new trial, a sentence with no custody component or a reduced sentence that is shorter than the anticipated life of the appeal. 18 U.S.C. § 3143(b)(1)(A), (B). The Court addresses only the second requirement.

A "substantial question" is one of more substance than would be necessary to a finding that it was not frivolous. United States v. Affleck, 765 F.2d 944, 952 (10th Cir. 1985). A "substantial question" refers to a "close" question or one that "very well could be decided the other way." Id. (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)).

Defendant appeals the Court's denial of her motion to recuse and her motion for compassionate release.   Notice Of Appeal (Doc. #511) filed November 13, 2023.   In defendant's appellate brief, she argues that (1) the Court erred in finding that she had not shown extraordinary and compelling reasons for a reduced sentence, (2) the Court did not properly balance the various factors under 18 U.S.C. § 3553(a) and (3) the Court should have recused because of bias and a threat from an extrajudicial source.   See Appellant Brief filed January 29, 2024, in 10th Cir. No. 23-3238.   None of the issues that defendant has raised on appeal raise a "substantial question of law or fact" likely to result in a decision which is favorable to defendant.   18 U.S.C. § 3143(b)(1)(B).   Even if defendant prevailed on appeal, the Tenth Circuit likely would not direct this Court to grant her release or to impose a specific sentence.[1]   It appears more likely that if defendant prevails on appeal, the Tenth Circuit would remand for this Court to (1) consider whether she has shown extraordinary and compelling reasons for release, (2) further explain why the applicable Section 3553(a) factors do not support a reduced sentence or (3) have a different judge address these issues.

In sum, because defendant has not shown that her appeal raises a substantial question of law or fact likely to produce a reversal, a new trial, a sentence with no custody component or a reduced sentence that is shorter than the anticipated life of the appeal, the Court overrules defendant's motion for release.

**IT IS THEREFORE ORDERED** that defendant's Motion For Release Pending Appeal

---

[1]       The Bureau of Prisons calculates that defendant's projected release date is March 1, 2030.   See BOP, Find An Inmate, available at https://www.bop.gov/inmateloc (last accessed February 16, 2024).

-2-

Under § 3143 (Doc. #521) filed February 9, 2024 is **OVERRULED**.   The Clerk is directed to forward a copy of this order to the Clerk of the Tenth Circuit.

Dated this 21st day of February, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge