IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 12-20099-01-KHV |
| | ) | |
| MENDY READ-FORBES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On April 23, 2015, the Court sentenced defendant to 240 months in prison. This matter is before the Court on defendant's request to file documents under seal (Doc. #524) filed June 27, 2024. For reasons stated below, the Court overrules defendant's motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461–62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the strong presumption of public access must show that "countervailing interests heavily outweigh" the public interest in access to court proceedings and documents. United States v. Bacon, 950 F.3d 1286, 1293 (10th Cir. 2020) (quoting Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012)) (internal

quotation marks and citation omitted).  To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Colony Ins., 698 F.3d at 1241; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

Defendant asks the Court to file under seal her motion for compassionate release because it refers to a sexual assault.  Defendant does not explain specifically how any interest in non-disclosure of the sexual assault "heavily outweighs" the public interest in open courts, or why redaction of personal identifying information would not protect any privacy interests.  Bacon, 950 F.3d at 1293; see Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).  Defendant, whom the Court sentenced to 240 months in prison, has filed a motion for release based in part on the sexual assault, so the public has a particular interest in what information the Court relies on in resolving her motion.  The Court's constitutional duties do not include asserting arguments for sealing records or ferreting out authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against defendant's interest in non-disclosure.  The Court therefore overrules defendant's motion to seal.

**IT IS THEREFORE ORDERED** that defendant's request to file documents under seal (Doc. #524) filed June 27, 2024 is **OVERRULED**.

**IT IS FURTHER ORDERED that on or before August 7, 2024, the government shall file a response to defendant's <u>Motion For Compassionate Release Filed Pro Se In Accordance With 18 U.S.C. § 3582(c)(1)(A) As Amended By The First Step Act Of 2018</u> (Doc. #524-1)**

**filed June 27, 2024. On or before August 28, 2024, defendant may file a reply.**

Dated this 24th day of July, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
