# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 12-20099-01-KHV |
| MENDY READ-FORBES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On April 23, 2015, the Court sentenced defendant to 240 months in prison.  This matter is before the Court on defendant's Motion For Compassionate Release Filed Pro Se In Accordance With 18 U.S.C. 3582(c)(1)(A) As Amended By The First Step Act Of 2018 (Doc. #526) filed June 27, 2024, defendant's Motion To Supplement The Record (Doc. #528) filed July 29, 2024 and defendant's Motion For Appointment Of Attorney And Motion To Supplement The Record (Doc. #530) filed August 6, 2024.  For reasons stated below, the Court sustains defendant's motions to supplement but otherwise overrules defendant's motions.[1]

---

[1]    Defendant asks the Court to appoint counsel to assist her with the motion.  The Office of the Federal Public Defender has declined to enter an appearance.  Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion.  See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); see also United States v. Campos, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion). In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved.  See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).  Applying these factors, defendant is not entitled to counsel.  As explained below, defendant's claims lack merit.  In addition, defendant's claims are not particularly complex factually or legally.  Finally, defendant has a law degree and is able to adequately present her claims.  For these reasons, the Court overrules defendant's request for counsel.

**Factual Background**

On January 23, 2013, a grand jury returned an indictment which charged defendant with conspiracy to commit money laundering, 16 counts of laundering the proceeds of drug transactions, conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. See Superseding Indictment (Doc. #78).[2] On April 21, 2014, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Plea Agreement (Doc. #132). The agreement proposed a sentencing range of 84 to 180 months in prison. See id., ¶ 3. Under the agreement, the government stipulated that at sentencing, it would dismiss the remaining 18 counts of the superseding indictment and also dismiss Case No. 13-20041-01. See id., ¶ 1.

At a sentencing hearing on January 28, 2015, the parties agreed to resolve various sentencing objections: (1) defendant agreed that her offense level should be enhanced two levels under Section 3B1.4 of the United States Sentencing Guidelines for use of a minor; (2) the government agreed to withdraw its request for a four-level enhancement under Section 2S1.1(b)(2)(C) for being in the business of laundering money and its request for a two-level enhancement under Section 3B1.3 for abuse of a position of trust and (3) defendant agreed to withdraw her objection to the amount of money laundered under Section 2S1.1. Defendant had a total offense level of 37 with a criminal history category I, for a guideline range of 210 to

---

[2]     On April 10, 2013, in a separate action, a grand jury returned an indictment which charged defendant with conspiracy to defraud M&I Bank and conspiracy to commit money laundering. See Indictment (Doc. #1 filed in Case No. 13-20041-KHV), Counts 1 and 2. In particular, the grand jury in Case No. 13-20041 alleged that defendant falsely represented facts about her business, DSR Homes, to M&I Bank and certain investors. Id., Count 1.

240 months.[3]   See Transcript (Doc. #236) filed July 1, 2015 at 5; Presentence Investigation Report (Doc. #161) filed December 2, 2014, ¶¶ 187, 225–38.   After hearing testimony and defendant's allocution, the Court rejected the plea agreement.   The Court stated as follows:

> [Defendant is] continuing to try to manipulate people to get a better outcome for herself instead of . . . falling on the sword and just taking the facts for what they are and quit trying to manufacture evidence in support of bogus positions.   * * *
>
> And because she doesn't get it, I am very confident that she's going to commit future crimes, that she's going to say anything—that she'll continue to manipulate people to accomplish what she wants, that she will continue to lie to get her way, that she has undisguised contempt for the legal system.   * * *
>
> The parties here have proposed a binding plea of 84 to [1]80 months followed by three years of supervised release, no fine, and a mandatory special assessment.   In addition, there would be restitution in the amount of $370,003.70 minus any claims made in the corresponding civil lawsuit.   In addition, Ms. Forbes would agree to pay restitution for all counts, including dismissed counts in Case 12-20099.
>
> When I look at the record in this case, including most particularly the presentence report, the statements of counsel, and especially the allocution and the statements of Ms. Forbes and the evidence which I heard here today . . . I, in good conscience, cannot accept the proposed agreement.   So I am rejecting it and will set this matter for a status conference . . . after the parties have had a chance to decide whether they want to try to renegotiate the plea agreement or to set the matter for trial.

Transcript (Doc. #236) at 191, 200, 202.

On March 18, 2015, defendant again pled guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).   Plea Agreement (Doc. #204).   The revised agreement was not under Rule 11(c)(1)(C), but it included a joint recommendation to sentence defendant to 210 months, the low end of the agreed guideline range of 210 to 240 months. See id., ¶ 3.   On April 23, 2015, the Court sentenced defendant to 240 months.

Defendant appealed.   On August 31, 2015, the Tenth Circuit granted the government's

---

[3]        The Guidelines provided a range of 210 to 262 months, but the statutory maximum for the count of conviction capped the high end of the range at 240 months.

motion to enforce the appeal waiver in the plea agreement and dismissed the appeal.   See Order And Judgment (Doc. #254).

On June 27, 2024, defendant filed a motion for compassionate release.   When defendant filed her motion, she was confined at MCC Chicago, a Bureau of Prisons ("BOP") facility in Chicago, Illinois.   Defendant currently is confined at FCI Hazelton, a BOP facility in Bruceton Mills, West Virginia.   With good time credit, defendant's projected release date is March 1, 2030. Defendant seeks release because (1) in 2018, a BOP employee sexually assaulted her, (2) her sentence is unusually long and harsher than the sentence of her co-defendants and (3) BOP has not adequately treated her medical ailments.   Motion For Compassionate Release Filed Pro Se In Accordance With 18 U.S.C. 3582(c)(1)(A) As Amended By The First Step Act Of 2018 (Doc. #526) at 4–10.

### Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.   See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).   Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   18 U.S.C. § 3582(c). Under the First Step Act of 2018, the Court may order compassionate release for "extraordinary and compelling reasons."   18 U.S.C. § 3582(c)(1)(A)(i).[4]

---

[4]     The Court may entertain requests for compassionate release only upon a motion of
(continued. . .)

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a reduced sentence.  18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).   On November 1, 2023, the Sentencing Commission issued an applicable policy statement for motions for compassionate release filed by defendants.   U.S.S.G. § 1B1.13(b), Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement).   Under the policy statement, the Sentencing Commission has determined that extraordinary and compelling reasons exist if defendant establishes any one or combination of the following circumstances: (1) she has certain medical conditions; (2) she is at least 65 years old and has experienced a serious deterioration in health; (3) she has family circumstances which require her to act as a caregiver; (4) she was a victim of sexual or physical abuse by or at the direction of a correctional officer or other individual who had custody of her; (5) any other circumstances or combination of circumstances that when considered by themselves or together with any of the first four categories, are similar in gravity to the circumstances described in those four categories; and (6) a change of law if defendant has

---

[4](. . .continued)
the BOP or of defendant after he submits a request to the BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  The government argues that the Court should dismiss defendant's claims because she has not shown that she exhausted administrative remedies.  Government's Response To Defendant's Motion For Compassionate Release (Doc. #529) filed August 2, 2024 at 3–4.  In reply, defendant has submitted BOP's denial of her request for compassionate release on March 18, 2024.  See Memorandum From James C. Willis To Mendy Read-Forbes (Doc. #530-1) filed August 6, 2024.  The Court therefore finds that defendant has exhausted administrative remedies.

served ten years of an unusually long sentence and the change would produce a gross disparity between the sentence being served and the sentence likely to be imposed today.   U.S.S.G. § 1B1.13(b)(1)–(6).

Here, defendant seeks release because (1) in 2018, a BOP employee sexually assaulted her, (2) her sentence is unusually long and (3) BOP has not adequately treated her medical ailments.

### 1.      Sexual Assault

Defendant argues that she was a victim of a sexual assault, which constitutes an extraordinary and compelling reason for release.   To warrant relief under the policy statement, defendant must show that during custody on her current term of imprisonment, she was a victim of sexual or physical abuse that was committed by, or at the direction of, a correctional officer, an employee or contractor of BOP, or any other individual who had custody or control over her. U.S.S.G. § 1B1.13(b)(4).   For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.   Id.

Defendant alleges that in 2018, a BOP officer sexually assaulted her.   Defendant alleges that the BOP officer was convicted in a criminal case, but she concedes that the officer has not been charged in her case.   Motion For Compassionate Release (Doc. #526) at 9.   Likewise, she has not presented evidence of a finding or admission of liability in a civil case or in an administrative proceeding.[5]   She also concedes that BOP has terminated the employment of the

---

[5]      Plaintiff alleges that she filed a formal administrative complaint on February 14, 2023, some five years after the alleged abuse.   The government states that it has submitted a request to BOP as to the status of plaintiff's complaint.   Because the Section 3553(a) factors do

(continued. . .)

alleged perpetrator, so she has not established that she is in imminent danger.  <u>Id.</u>  In sum, defendant has not shown that the alleged sexual assault is an extraordinary and compelling reason for release under the policy statement.

### 2.    Unusually Long Sentence

Defendant asks the Court to reduce her sentence because she received a sentence of 240 months, which is much greater than the sentence for a first-time offender for money laundering of $234,000 or less.   Under the policy statement, an unusually long sentence by itself is insufficient to warrant relief.   Instead, defendant must show that (1) she received an unusually long sentence, (2) she has served at least ten years of the term of imprisonment and (3) a change in law since sentencing would produce a gross disparity between the sentence being served and the sentence likely to be imposed today.   U.S.S.G. § 1B1.13(b)(6).   Defendant has not shown that any change in law creates a gross disparity between her sentence of 240 months and the sentence likely to be imposed if she were resentenced today.[6]

---

[5](. . .continued)
not warrant release, the Court need not determine whether defendant has established (1) that BOP has unduly delayed her administrative proceedings or (2) the veracity of her claim.   Even so, **on or before February 14, 2025, the U.S. Attorney shall notify defendant as to the status of the administrative proceedings related to her claim and shall file a certificate of service in this case**.

[6]        Defendant ignores the fact that under the plea agreement, the parties stipulated to the relevant guideline range of 210 to 240 months.   When defendant entered her plea of guilty, she fully understood that the agreement precluded her from raising objections to the guideline range of 210 to 240 months.  <u>Plea Agreement</u> (Doc. #204), ¶ 3.   Defendant has not addressed the merits of the government's objections to the guideline range which it withdrew based on the agreed guideline range in the plea agreement.  <u>See</u> <u>United States' Sentencing Memorandum</u> (Doc. #167) filed January 20, 2015 at 4 (government withdrew objections that offense level did not include four-level enhancement under Section 2S1.1(b)(2)(C) for being in business of laundering money and two-level enhancement under Section 3B1.3 for abuse of position of trust); <u>Defendant's Sentencing Memorandum</u> (Doc. #173) filed January 28, 2015 at 1 (agreed total offense level 37

(continued. . .)

Defendant also argues that extraordinary and compelling reasons exist because the sentence in her case creates a disparity between the length of her sentence relative to her co-defendants and other offenders today with similar conduct.   As explained above, defendant has not shown that her sentence would be different under the current version of the Guidelines.   The guideline ranges reflect the relative culpability and criminal history of each defendant.   Defendant has not shown that the length of her sentence relative to the average sentence of similar offenders is an extraordinary and compelling reason for release.   Defendant claims that her sentence is unduly harsh compared with her co-defendants, but she has failed to show that these individuals engaged in similar conduct.   18 U.S.C. § 3553(a)(6).   As highlighted by the Court's comments throughout the record, the scope and severity of defendant's misconduct warranted a much more severe sentence than the sentences of her co-defendants.

Defendant has not shown extraordinary and compelling reasons based on an unusually long sentence or the disparity of her sentence relative to co-defendants or to the sentence that she would likely receive under the current Guidelines.[7]

---

[6](. . .continued)
after withdrawn objections).   Even if defendant could somehow show that both of the government's withdrawn objections lack merit, she has not shown that a reduction in the guideline range is an extraordinary and compelling reason for release.   As explained previously, in light of the Court's numerous findings as to defendant's lack of credibility and the factors under Section 3553(a), defendant has not shown—and cannot show—a reasonable probability that if a lower guideline range had applied, the Court would not have varied upward and imposed the same sentence of 240 months.   See Memorandum And Order (Doc. #508) filed October 20, 2023 at 16–19; Memorandum And Order (Doc. #339) filed August 30, 2017 at 9.

[7]      Defendant argues that because of the COVID-19 pandemic, BOP has been understaffed and is no longer able to provide necessary care and programming.   As noted above, defendant is no longer housed at MCC Chicago.   Defendant has not shown that a staffing shortage and conditions at all BOP facilities—in combination with the circumstances of her case—are extraordinary and compelling reasons or that these reasons are similar in gravity to the

(continued. . .)

### 3.     Untreated Medical And Dental Conditions

Defendant asserts that BOP has provided inadequate care related to her spinal stenosis, dental caries, neurological disorder and diabetes.   Motion For Compassionate Release (Doc. #526) at 2.   To qualify for compassionate release, defendant must show extraordinary and compelling reasons for a reduced sentence, not that BOP has delayed medical care or even provided constitutionally deficient medical care.   See United States v. Montoya, No. 22-6004, 2022 WL 3207615, at *2 n.1 (10th Cir. Aug. 9, 2022) (violation of Fifth and Eighth Amendments based on ability of BOP to provide medical care not independent ground for granting compassionate release, but underlying facts may be relevant to decision whether to grant release).[8] Under the policy statement, the medical circumstances of a defendant alone can provide extraordinary and compelling reasons for a reduced sentence in the following circumstances:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory).   A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition,

---

[7](. . .continued)
circumstances identified in the first four categories of the applicable policy statement, U.S.S.G. § 1B1.13(b)(5).   To the extent that defendant attempts to assert potential constitutional violations for her conditions of confinement, such claims should be brought—if at all—in a separate civil action, not as part of a motion for compassionate release.

[8]     As with defendant's earlier challenges to BOP medical care, to the extent that she seeks relief for inadequate medical treatment which does not warrant her release, she apparently would have to file a challenge to the execution of her sentence under 28 U.S.C. § 2241 or the conditions of her confinement under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) or possibly a request for injunctive relief "to enforce the dictates of the Eighth Amendment."   Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1231 (10th Cir. 2005).

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

Defendant argues that she has shown extraordinary and compelling reasons for release under Subsections (B) and (C) of the policy statement. Defendant's medical records show that she has several medical conditions and has experienced some delays in recommended diagnostic tests or treatment. Even so, defendant has not shown that (1) she cannot provide self-care within the prison environment or that she is not expected to recover from her medical conditions, or (2) her medical conditions require long-term or specialized medical care that BOP has not provided and without which the defendant is at risk of serious deterioration in health or death, U.S.S.G. § 1B1.13(b)(1)(B)–(C). Defendant therefore has not shown that her medical conditions constitute

-10-

extraordinary and compelling reasons for relief within the meaning of the policy statement for medical circumstances, U.S.S.G. § 1B1.13(b)(1).  She also has not shown that her health conditions warrant relief under the catchall provision of the policy statement, U.S.S.G. § 1B1.13(b)(5).  Likewise, defendant's medical conditions, collectively with the alleged sexual assault in 2018, the length of her sentence and BOP understaffing, do not constitute extraordinary and compelling reasons for release under the catchall provision of the policy statement.

      B.    <u>Section 3553(a) Factors</u>

Even if defendant could somehow show that her various stated grounds for relief individually or collectively constitute "extraordinary and compelling" reasons for release, the Court would deny relief after considering the factors under 18 U.S.C. § 3553.  For substantially the reasons stated in the voluminous record, a sentence of time served or below 240 months is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public from defendant committing further crimes.  <u>See, e.g.</u>, <u>Memorandum And Order</u> (Doc. #508) filed October 20, 2023 at 16–19 (defendant committed significant money laundering offense; on release, she continued fraudulent activity and stole identity of former employee; reduced sentence would not adequately protect public or deter her from committing future crimes; she received discipline in BOP for fighting with another inmate in 2020 and assaulting individual in 2016); <u>Transcript Of Sentencing</u> (Doc. #220) at 24 (court particularly concerned about protecting public from further crimes and deterring defendant from committing future crimes).

In sum, defendant has not shown "extraordinary and compelling" reasons for a reduced sentence and the factors under Section 3553(a) do not support a reduced sentence. The Court therefore overrules defendant's motion for compassionate release.

      **IT IS THEREFORE ORDERED** that defendant's <u>Motion For Compassionate Release</u>

Filed Pro Se In Accordance With 18 U.S.C. 3582(c)(1)(A) As Amended By The First Step Act Of 2018 (Doc. #526) filed June 27, 2024 is **OVERRULED**.

    **IT IS FURTHER ORDERED** that defendant's Motion To Supplement The Record (Doc. #528) filed July 29, 2024 is **SUSTAINED**.

    **IT IS FURTHER ORDERED** that defendant's Motion For Appointment Of Attorney And Motion To Supplement The Record (Doc. #530) filed August 6, 2024 is **SUSTAINED in part**. **The Court sustains defendant's request to supplement the record. The Court otherwise overrules defendant's motion.**

    **IT IS FURTHER ORDERED that on or before February 14, 2025, the U.S. Attorney shall notify defendant as to the status of the administrative proceedings related to her claim and shall file a certificate of service in this case.**

    Dated this 15th day of January, 2025 at Kansas City, Kansas.

                                    s/ Kathryn H. Vratil
                                    KATHRYN H. VRATIL
                                    United States District Judge